IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------x
                                        :
*In re:*                                : Chapter 11
                                        :
**VION PHARMACEUTICALS, INC.,**         : Case No. 09-14429 (CSS)
                                        :
                     Debtor.[1]         : Hearing date: January 20, 2010 at 3:00 p.m. (ET)
                                        : Objections due: January 12, 2010 at 4:00 p.m. (ET)
                                        :
---------------------------------------------------------------x

**DEBTOR AND DEBTOR-IN-POSSESSION'S APPLICATION FOR AN
ORDER PURSUANT TO §§ 327(a), 328 AND 1107 OF THE
BANKRUPTCY CODE AND RULE 2014 OF THE BANKRUPTCY
RULES AUTHORIZING THE EMPLOYMENT OF ROTH CAPITAL PARTNERS, LLC
AS FINANCIAL ADVISOR TO THE DEBTOR *NUNC PRO TUNC*
TO THE PETITION DATE AND WAIVING CERTAIN REPORTING
REQUIREMENTS PURSUANT TO DELAWARE LOCAL RULE 2016-2**

Vion Pharmaceuticals, Inc., as debtor and debtor-in-possession (the "Debtor"), hereby files this application (the "Application") seeking (i) authority to employ and retain Roth Capital Partners, LLC ("Roth Capital"), as financial advisor to the Debtor in the above-captioned chapter 11 case, *nunc pro tunc* to the Petition Date (defined herein) and (ii) waiving certain reporting requirements pursuant to Delaware Local Rule 2016-2, and in support thereof, the Debtor respectfully represents as follows:

## JURISDICTION

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

---

[1] The Debtor in this case, along with the last four digits of the federal tax identification number for the Debtor, is Vion Pharmaceuticals, Inc. (1221). The Debtor's corporate offices are located at 4 Science Park, New Haven, Connecticut 06511.

2. The statutory bases for the relief requested herein are §§ 327(a) and 328(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 2014-1 and 2016-1 of the Local Rules for the United States Bankruptcy Court for the District of Delaware (the "Local Rules").

## BACKGROUND

3. On December 17, 2009 (the "Petition Date"), the Debtor filed its voluntary petition for relief under chapter 11 of the Bankruptcy Code.

4. The Debtor continues to operate its business and manage its property as a debtor-in-possession pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code.

5. No request for appointment of a chapter 11 trustee or examiner has been made, and, as of the date hereof, no official committee has been appointed.

6. A description of the Debtor's corporate structure and business and the events leading to this chapter 11 case are set forth in the Declaration of Alan Kessman in Support of Chapter 11 Petition and First Day Pleadings filed on the Petition Date (as the same may be supplemented or amended from time to time, the "Kessman Declaration"), which is incorporated herein by reference and shall constitute, in part, the evidentiary support for the Application.[2]

## RELIEF REQUESTED

7. The Debtor seeks the entry of an order substantially in the form attached hereto as **Exhibit A** authorizing the employment and retention of Roth Capital as financial advisor to the Debtor, *nunc pro tunc* to the Petition Date, pursuant to the terms of that certain engagement

---

[2] Capitalized terms not defined herein shall have the meaning ascribed in the Kessman Declaration.

letter, dated December 11, 2009, between Roth Capital and the Debtor (the "Engagement Letter"), a copy of which is attached hereto as **Exhibit C**.

## BASIS FOR RELIEF REQUESTED

8.  The Debtor brings this Application because of its pressing need to retain an investment banking and financial advisory services firm to assist it in the critical tasks associated with analyzing and implementing alternatives and strategies associated with the Debtor's efforts to sell its assets and/or otherwise reorganize. The Debtor, therefore, proposes to retain and employ Roth Capital as financial advisor in this chapter 11 case pursuant to § 327(a) of the Bankruptcy Code.

9.  Section 327 provides in relevant part: "the trustee, with the court's approval, may employ one or more attorneys . . . that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title." 11 U.S.C. § 327(a).

10. Bankruptcy Code § 328(a) provides, in relevant part, as follows:

> The trustee . . . with the court's approval, may employ or authorize the employment of a professional person under § 327. . . of this title . . . on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, on a fixed or percentage basis, or on a contingent fee basis. Notwithstanding such terms and conditions, the court may allow compensation different from the compensation provided under such terms and conditions after the conclusion of such employment, if such terms and conditions prove to have been improvident in light of developments not capable of being anticipated at the time of the fixing of such terms and conditions.

11 U.S.C. § 328(a).

11. Bankruptcy Code § 1107(b) provides, in relevant part, that "[n]otwithstanding section 327(a) of this title, a person is not disqualified for employment under section 327 of this

title by a debtor in possession solely because of such person's employment by or representation of the debtor before the commencement of the case." 11 U.S.C. § 1107(b).

## SCOPE OF SERVICES

12. The services of Roth Capital are necessary and essential to enable the Debtor to execute faithfully its duties as a debtor-in-possession. Subject to the control and further order of this Court, Roth Capital will render various services to the Debtor, as set forth in the Engagement Letter, including the following professional services:

> 1) <u>Sale Advisory Services</u>. Roth Capital will advise and assist the Debtor with respect to (i) identifying potential acquirers and evaluating, prioritizing, and negotiating proposals to sell (including, if applicable, by auction) the Debtor, in whole or in part by purchase, merger, including a reverse merger, consolidation and other business combinations involving all or a substantial amount of the business, securities, and/or assets of the Company (a "<u>Sale Transaction</u>"). Roth Capital will assess the proposed structures for the Sale Transaction(s) and will offer the Company guidance in negotiating the terms of the Sale Transaction(s). Roth Capital will assist the Debtor in managing the process and closing the Sale Transaction(s), including formulating and presenting responses and counteroffers, conducting due diligence, and documenting the Sale Transaction(s).
>
> 2) <u>Restructuring Advisory Services</u>. Roth Capital will advise the Debtor with respect to restructuring options, which may include a restructuring, reorganization or a recapitalization of the Debtor's 7.75% convertible senior notes due 2012 (the "<u>Restructuring</u>," with each Restructuring or Sale Transaction being a "<u>Transaction</u>"). Roth Capital will also provide advisory services in connection with a liquidation and winding up of the Debtor that does not involve a Sale Transaction.
>
> 3) <u>Fairness Opinion</u>. At the written request of the Debtor, Roth Capital will render a fairness opinion to the Company's Board of Directors in conjunction with the Transaction.

13. Since the filing of this case, the Debtor has submitted applications to employ Fulbright & Jaworski L.L.P. and Richards, Layton & Finger, P.A. as bankruptcy counsel. Each of these firms work under the direction of the Debtor's management. The Debtor is committed to minimizing any duplication of services. To that end, Roth Capital is prepared to work closely with each professional to ensure that there is no duplication of effort or cost.

## QUALIFICATIONS OF ROTH CAPITAL

14. Roth Capital is a nationally recognized small-cap investment banking and financial advisory services firm with offices in California, Massachusetts, New York, Pennsylvania, Florida and Oregon. Roth Capital provides investment banking and financial advisory services and execution capabilities in a variety of areas, including asset sales and financial restructuring. Roth Capital's professionals involved with this engagement are experienced in advising troubled and insolvent companies in evaluating strategic alternatives and affecting sales of divisions or entire businesses.

15. The Debtor seeks to retain Roth Capital because of the Debtor's recent experience with Roth Capital, and in particular because of its experience with two of Roth Capital's principals, John W. Chambers and Michael A. Margolis, who joined Roth Capital from the Debtor's previous strategic adviser, Merriman Curhan Ford & Co., and because of their experience in advising troubled and bankrupt companies relating to strategic business and capital reorganizations and affecting whole-business and asset sales. In addition, in connection with their recent engagement by the Debtor, Messrs. Chambers and Margolis have become familiar with the Debtor's business and affairs and the potential market for financing and/or acquisition of the Debtor or its non-cash assets, making their new firm, Roth Capital, both well qualified and uniquely able to represent the Debtor.

16. The Debtors wish to retain Roth Capital to provide assistance during this case. The terms of the Engagement Letter were negotiated at arms' length between the Debtor and Roth Capital and reflect the Debtor's evaluation of the extensive work to be performed by Roth Capital and its financial advisory team.

## ROTH CAPITAL IS A DISINTERESTED PARTY

17. To the best of the Debtor's knowledge, and except as set forth herein and as otherwise disclosed in the Declaration of John Chambers executed on December 30, 2009 (the "Chambers Declaration"), annexed hereto as **Exhibit B**, Roth Capital has not been employed by, and does not have any connection with, the Debtor, its creditors, equity security holders, any other parties-in-interest in any matters relating to the Debtor or its estate, the Debtor's respective attorneys and accountants, the United States Trustee for the District of Delaware, or any person employed by the office of the United States Trustee for the District of Delaware in this Chapter 11 proceeding.

18. To the best of the Debtor's knowledge, and as disclosed in the Chambers Declaration, Roth Capital does not hold or represent any interest adverse to the Debtor or its estate, Roth Capital is a "disinterested person" as that phrase is defined in § 101(14) of the Bankruptcy Code, as modified by § 1107(b) of the Bankruptcy Code, and Roth Capital's employment and retention is necessary and in the best interests of the Debtor and its estate.

19. The proposed employment of Roth Capital is not prohibited by or improper under Bankruptcy Rule 5002.

20. Roth Capital will periodically review its files during the pendency of this chapter 11 case to ensure that no conflicts or other disqualifying circumstances exist or arise. If any new relevant facts or relationships are discovered or arise, Roth Capital will use reasonable efforts to identify such further developments and will promptly file a supplemental declaration, as required by Bankruptcy Rule 2014(a).

RLF1 3521668v.1

## PROFESSIONAL COMPENSATION

21. The terms of Roth Capital's proposed compensation are fully set forth in the Engagement Letter, and the Debtor respectfully refers this Court to the same for a full recitation of such terms.

22. The Roth Capital fee is composed of three (3), and potentially (4) components: (i) expenses; (ii) advisory fee; (iii) performance-based compensation, and to the extent applicable, (iv) fee related to preparation of a fairness opinion. Below is a summary of the compensation structure negotiated with Roth Capital.

23. Expenses. The Debtor has agreed to reimburse Roth Capital's reasonable out-of-pocket expenses, including legal expenses, not to exceed $25,000 in the aggregate, incurred in connection with its rendering of the services contemplated hereby; out-of-pocket expenses in excess of the limit must be approved in advance by the Debtor.

24. Advisory Fee. The Debtor has paid Roth Capital $50,000 and seeks to pay to Roth Capital an additional $25,000 per month as an advisory fee commencing ninety (90) days from the date of the Engagement Letter (such additional monthly $25,000 fees, the "Bankruptcy Fees"), subject to approval by the Court.

25. Performance-Based Compensation. The Debtor further agreed to pay to Roth Capital success fees as follows no later than thirty (30) days following the closing of the applicable transaction:

    i. Sale Transaction other than a reverse merger: the greater of (x) 4% of the Transaction Value (as defined in Appendix A to the Engagement Letter), minus $100,000 or (y) $200,000;

    ii. Reverse merger: $200,000; and

    iii. Restructuring: $150,000.

RLF1 3521668v.1

26. No success fees shall be payable in respect of a liquidation and winding up or bankruptcy that does not also involve any of the above-described transaction types. In the event there are multiple transactions, any success fees already paid will reduce the amount payable in respect of subsequent success fees. For example, if Roth Capital is paid $150,000 in respect of a restructuring and such restructuring is followed by a reverse merger, the amount payable in respect of such reverse merger would only be $50,000.

27. The success fee(s) payable hereunder shall be further reduced by (x) $150,000, if the Debtor pays Roth Capital to render an opinion as described below, and/or, if applicable, (y) the aggregate amount of Bankruptcy Fees paid by the Company.

28. <u>Fairness Opinion</u>. And finally, in the event that the Debtor's Board of Directors requests in writing that an opinion be rendered in connection with a Transaction, Roth Capital will receive a fee of $150,000 for rendering such opinion. One-half of the opinion fee shall be paid to Roth Capital together with the written request for the opinion by the Debtor, and the balance shall be paid upon Roth Capital's delivery of the opinion.

29. The Debtor hereby seeks the Court's approval of its compensation and reimbursement of Roth Capital's actual, necessary expenses and other charges as set forth in the Engagement Letter upon Roth Capital's filing of appropriate applications for interim and final compensation and reimbursement pursuant to §§ 327 and 328 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any orders of the Court.

30. Moreover, the Debtor respectfully requests that by deviating from the standard hourly-based fee compensation structure set forth in Local Rule 2016-2 in lieu of the compensation structure proposed herein, that the information requirements set forth in Local Rule 2016-2 be modified and waived as necessary to comport with such fee structure, and in

- 8 -

particular, that Roth Capital and its professionals shall only be required to maintain time records for services rendered postpetition in half-hour increments. The Debtor is not, however, seeking modification of, and Roth Capital shall comply with, the requirements relating to reimbursement of ordinary expenses set forth in Local Rule 2016 2(e).

31. The Debtor and Roth Capital recognize that any compensation shall be subject to the Court's final approval and shall be in compliance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, guidelines established by the Office of the United States Trustee for the District of Delaware, and any other applicable procedures and orders of the Court. Roth Capital shall set forth in its interim and final applications for compensation and reimbursement descriptions of the services rendered by each Roth Capital professional in half-hour increments and will include an itemized list of expenses for which reimbursement is sought. Notwithstanding the requested modification of Local Rule 2016-2 to eliminate the hourly based billing requirement, these descriptions will provide adequate ability to review and evaluate the services provided by Roth Capital's professionals and the compensation requested from the Debtor's estate from Roth Capital.

32. Roth Capital's requested compensation in this case is consistent with and typical of arrangements entered into by Roth Capital and other comparable firms in connection with the rendering of similar services under similar circumstances. These rates and the rate structure reflect that such restructuring and other complex matters are typically national in scope and involve great complexity, high stakes, and severe time pressures.

33. Roth Capital has no agreement to share with any person or firm the compensation to be paid for professional services rendered in connection with this case.

## NOTICE

34. No trustee or examiner has been appointed in the Debtor's chapter 11 case. Notice of this Application will be given to, among others, (i) the United States Trustee for the District of Delaware; (ii) the Debtor's twenty (20) largest unsecured creditors; and (iii) all parties-in-interest who have requested notice pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested herein, the Debtor submits that no other or further notice is required.

**WHEREFORE**, the Debtor respectfully requests that this Court, pursuant to §§ 327(a), 328 and 1107 of the Bankruptcy Code, Rule 2014 of the Bankruptcy Rules and Rule 2016-2 of the Local Rules, enter an order, substantially in the form attached hereto as **Exhibit A**, authorizing the employment of Roth Capital as financial advisor and management consultant to the Debtor under the terms contained in the Engagement Letter, *nunc pro tunc*, to the Petition Date and granting relief under Local Rule 2016-2 and such other and further relief the Court deems just and proper.

Dated: December 30, 2009
New Haven, Connecticut

By: Alan Kessman
Title: Chief Executive Officer,
Vion Pharmaceuticals, Inc.
4 Science Park
New Haven, Connecticut 06511

*For the Debtor and Debtor-in-Possession*

50245094.18 - 11 -

PAGE 2/2 * RCVD AT 12/30/2009 2:01:03 PM [Eastern Standard Time] * SVR:NYFAX01/7 * DNIS:0 * CSID:561 776 0442 * DURATION (mm-ss):00-48