# EXHIBIT B

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

------------------------------------------------------ X
:
*In re:* : Chapter 11
:
**VION PHARMACEUTICALS, INC.,** : Case No. 09-14429 (CSS)
:
Debtor.[1] : **Hearing date: January 20, 2010 at 3:00 p.m. (ET)**
: **Objections due: January 12, 2010 at 4:00 p.m. (ET)**
:
------------------------------------------------------ X

## DECLARATION OF JOHN CHAMBERS IN SUPPORT OF THE DEBTOR AND DEBTOR-IN-POSSESSION'S APPLICATION FOR AN ORDER PURSUANT TO §§ 327(A), 328 AND 1107 OF THE BANKRUPTCY CODE AND RULE 2014 OF THE BANKRUPTCY RULES AUTHORIZING THE EMPLOYMENT OF ROTH CAPITAL PARTNERS, LLC AS FINANCIAL ADVISOR TO THE DEBTOR *NUNC PRO TUNC* TO THE PETITION DATE AND WAIVING CERTAIN REPORTING REQUIREMENTS PURSUANT TO DELAWARE LOCAL RULE 2016-2

I, John Chambers, under penalty of perjury, declare as follows:

1.    I am a Managing Director in the firm of Roth Capital Partners, LLC ("Roth Capital"), located at 24 Corporate Plaza, Newport Beach, California 92660. I submit this declaration in support of the application (the "Application")[2] of Vion Pharmaceuticals, Inc. (the "Debtor") for entry of an order authorizing the Debtor to retain and employ Roth Capital as its financial advisor *nunc pro tunc* to the Petition Date, pursuant to §§ 327(a) and 328 of title 11 of the United States Code (the "Bankruptcy Code"), rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and rule 2016-2 of the Local Rules of Bankruptcy Practice and Procedure for the United States Bankruptcy Court for the District of

---

[1]  The Debtor in this case, along with the last four digits of the federal tax identification number for the Debtor, is Vion Pharmaceuticals, Inc. (1221). The Debtor's corporate offices are located at 4 Science Park, New Haven, Connecticut 06511.

[2]  All capitalized terms used but otherwise not defined herein shall have the meanings set forth in the Application.

Delaware (the "Local Rules"). Except as otherwise noted, I have personal knowledge of the matters set forth herein. To the extent that any information disclosed herein requires amendment or modification upon Roth Capital's completion of further analysis or as additional information becomes available to it, a supplemental declaration will be submitted to this Court.

### Professional Qualifications

2.     Roth Capital is a full service investment banking firm dedicated to the small-cap public market. Since its inception, Roth Capital has been an innovator in its market and has raised over $10.6 billion for small-cap public companies and completed over 150 merger, acquisition and advisory assignments. Roth Capital provides equity research, brokerage and trading services primarily to institutions, as well as investment banking and advisory services to corporate clients. Roth Capital's professionals involved with this engagement have been active in advising distressed companies, including companies operating in the healthcare industry.

3.     Roth Capital is well qualified to assist the Debtor as its financial advisor. The Debtor seeks to retain Roth Capital because of the Debtor's recent experience with Roth Capital, and in particular because of its experience with two of Roth Capital's principals, John W. Chambers and Michael A. Margolis, who joined Roth Capital from the Debtor's previous strategic adviser, Merriman Curhan Ford & Co., and because of their experience in advising troubled and bankrupt companies relating to strategic business and capital reorganizations and affecting whole-business and asset sales. Prior to the Petition Date, in connection with Roth Capital's efforts to refinance Debtor's financial obligations and market its assets, Messrs. Chambers and Margolis worked closely with the Debtor's management, internal staff, and other professionals and are familiar with the books, records, financial information, and other data maintained by the Debtor.

- 2 -

4.      Roth Capital will render services to the Debtor as needed throughout the course of this chapter 11 case as described in the Engagement Letter and the Application. Roth Capital's services as financial advisor do not duplicate the services provided to the Debtor by any of the Debtor's other professionals. Roth Capital will undertake to work with the Debtor and its other professionals to make every reasonable effort to avoid duplication between Roth Capital's services and the services provided by any other professionals employed by the Debtor.

5.      The Debtor believes that the services of Roth Capital are necessary to enable the Debtor to maximize the value of its estate and to reorganize successfully. Further, Roth Capital is well qualified and able to represent the Debtor in a cost-effective, efficient and timely manner.

### Services to Be Provided

6.      The Debtor retained Roth Capital pursuant to the terms of that certain engagement letter, dated as of December 11, 2009, by and among the Debtor and Roth Capital (the "Engagement Letter"), a copy of which is attached as **Exhibit C** to the Application. Pursuant to the Engagement Letter, the Debtor retained Roth Capital to, without limitation, assist the Debtor with potential restructuring of its liabilities and recapitalization. Roth Capital has rendered and/or will continue to render the following professional services to the Debtor, upon approval by the Court:

> 1)      Sale Advisory Services. Roth Capital will advise and assist the Debtor with respect to (i) identifying potential acquirers and evaluating, prioritizing, and negotiating proposals to sell (including, if applicable, by auction) the Debtor, in whole or in part by purchase, merger, including a reverse merger, consolidation and other business combinations involving all or a substantial amount of the business, securities, and/or assets of the Company (a "Sale Transaction"). Roth Capital will assess the proposed structures for the Sale Transaction(s) and will offer the Company guidance in negotiating the terms of the Sale Transaction(s). Roth Capital will assist the Debtor in managing the process and closing the Sale Transaction(s), including formulating and presenting responses and counteroffers, conducting due diligence, and documenting the Sale Transaction(s).

2) <u>Restructuring Advisory Services</u>. Roth Capital will advise the Debtor with respect to restructuring options, which may include a restructuring, reorganization or a recapitalization of the Debtor's 7.75% convertible senior notes due 2012 (the "<u>Restructuring</u>," with each Restructuring or Sale Transaction being a "<u>Transaction</u>"). Roth Capital will also provide advisory services in connection with a liquidation and winding up of the Debtor that does not involve a Sale Transaction.

3) <u>Fairness Opinion</u>. At the written request of the Debtor, Roth Capital will render a fairness opinion to the Company's Board of Directors in conjunction with the Transaction.

## Professional Compensation during the Chapter 11 Case

7. The compensation structure described below is consistent with Roth Capital's normal and customary billing practices for engagements of this size and complexity, and reflects the difficulty of the extensive assignments Roth Capital expects to undertake. Roth Capital's fee structure is equivalent to the corresponding fee structure predominantly used by Roth Capital for restructuring, workout, bankruptcy, insolvency and comparable matters, as well as similar complex corporate, securities and litigation matters whether in court or otherwise, regardless of whether a fee application is required. This rate structure reflects that restructuring and other complex matters are typically national in scope and involve great intricacy, high stakes and severe time pressures. The Debtor believes that the foregoing compensation arrangement is (a) reasonable, (b) market-based and (c) merited by Roth Capital's extensive knowledge and experience, and its successful provision of financial advisory services to other troubled companies.

8. Pursuant to the terms and conditions of the Engagement Letter, and subject to the Court's approval, by the Debtor's Application, Roth Capital seeks approval to deviate from the standard hourly-based fee compensation structure set forth in Local Rule 2016-2, and instead intends to seek compensation as follows:

RLF1 3521668v.1

9. <u>Expenses</u>. Roth Capital will seek reimbursement of reasonable out-of-pocket expenses, including legal expenses, not to exceed $25,000 in the aggregate, incurred in connection with its rendering of the services contemplated hereby; out-of-pocket expenses in excess of the limit must be approved in advance by the Debtor. It is Roth Capital's policy to charge its clients in all areas of practice for identifiable, non-overhead expenses incurred in connection with the Debtor that would not have been incurred except for representation of that particular client. It is also Roth Capital's policy to charge its clients only the amount actually incurred by Roth Capital in connection with such items. Examples of such expenses include postage, overnight mail, courier delivery, transportation, overtime expenses, computer assisted legal research, photocopying, airfare, meals and lodging.

10. <u>Advisory Fee</u>. As an advisory fee, Roth Capital seeks, in addition to the $50,000 already paid by the Debtor and provided that no notice of termination of the Engagement Letter shall have been given, payments of $25,000 per month commencing ninety (90) days from the date of the Engagement (such additional fees, the "<u>Bankruptcy Fees</u>").

11. <u>Performance-Based Compensation</u>. As a success fee, Roth Capital seeks payment as follows no later than thirty (30) days following the closing of an applicable transaction:

      i. Sale Transaction other than a reverse merger: the greater of (x) 4% of the Transaction Value (as defined in Appendix A to the Engagement Letter), minus $100,000 or (y) $200,000;

      ii. Reverse merger: $200,000; and

      iii. Restructuring: $150,000.

12. No success fees shall be payable in respect of a liquidation and winding up or bankruptcy that does not also involve any of the above-described transaction types. In the event

there are multiple transactions, any success fees already paid will reduce the amount payable in respect of subsequent success fees. For example, if Roth Capital is paid $150,000 in respect of a Restructuring and such restructuring is followed by a reverse merger, the amount payable in respect of such reverse merger would only be $50,000.

13. The success fee(s) shall be further reduced by (x) $150,000, if the Debtor pays Roth Capital to render an opinion as described below, and/or, if applicable, (y) the aggregate amount of Bankruptcy Fees paid by the Company.

14. <u>Fairness Opinion</u>. And finally, in the event that the Debtor's Board of Directors requests in writing that an opinion be rendered in connection with a Transaction, Roth Capital seeks payment of a fee of $150,000 for rendering such opinion. One-half of the opinion fee shall be paid to Roth Capital together with the written request for the opinion by the Debtor, and the balance shall be paid upon Roth Capital's delivery of the opinion.

15. Roth Capital will file interim and final fee applications for the allowance of compensation for services rendered and reimbursement of expenses incurred in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and any applicable orders of this Court.[3] Therein, Roth Capital will set forth a description of the services rendered by each professional and will include an itemized list of expenses for which reimbursement is sought. I believe that these descriptions will provide adequate ability to review and evaluate the services provided by our professionals and the compensation requested from the Debtor's estate from Roth Capital. Accordingly, to the extent necessary based on the foregoing, Roth Capital respectfully requests that the information requirements set forth in Local Rule 2016-2 be modified and waived.

---

[3] Including, but not limited to, the requirements set forth in Local Rule 2016-2(e).

## Roth Capital's Disinterestedness

16.     In connection with the preparation of this Declaration, in order to ensure compliance with the requirements of the Bankruptcy Code and the Bankruptcy Rules regarding the retention of professionals by the Debtor, I directed that a list (the "Conflicts Checklist") of (i) entities affiliated with or related to the Debtor, (ii) professionals retained by the Debtor in this chapter 11 proceeding, (iii) key creditors of the Debtor and (iv) certain other parties-in-interest in this chapter 11 case be submitted to an internal computer database containing names of individuals and entities that are present or recent former clients of Roth Capital. The Conflicts Checklist is attached hereto as Appendix I to this Declaration. A summary of such relationships that Roth Capital identified during this process is set forth and described on Appendix II to this Declaration.

17.     Roth Capital confirms it is not providing and will not provide services to any of the parties that are listed on Appendix I that are adverse to the Debtor on issues related to or connected to the Debtor's bankruptcy. Further, we are not providing and will not provide services to the Debtor that would be adverse to any of the entities listed on Appendix II. None of the relationships with the entities listed on Appendix II, will compromise in any way Roth Capital's ability independently to serve as the Debtor's financial advisor.

18.     Roth Capital has provided and likely will continue to provide services unrelated to the Debtor's case for the various entities shown on Appendix II. Our assistance to these parties has been primarily related to financial advisory and/or other consulting services. To the best of my knowledge, no services have been provided to these creditors or other parties in interest, which could impact their rights in the Debtor's case, nor does Roth Capital's involvement in this case compromise its ability to continue such financial advisory and/or other consulting services.

RLF1 3521668v.1

19.     Further, as part of its diverse practice, Roth Capital appears in numerous cases, proceedings and transactions that involve many different professionals, including attorneys, accountants and financial consultants, who may represent claimants and parties-in-interest in the Debtor's chapter 11 case.  Roth Capital has performed in the past, and may perform in the future financial advisory and/or other consulting services for various attorneys and law firms in the legal community and/or their clients, and has been represented by several attorneys and law firms in the legal community, some of whom may be involved in these proceedings.  In addition, Roth Capital has in the past, may currently and will likely in the future be working with or against other professionals involved in this case in matters unrelated to the Debtor and this case. Based on our current knowledge of the professionals involved, and to the best of my knowledge, none of these business relationships create interests materially adverse to the Debtor herein in matters upon which Roth Capital is to be employed, and none are in connection with this case.

20.     Despite the efforts described above to identify and disclose Roth Capital's connections with Interested Parties, because of the Debtor's numerous creditors and other relationships, Roth Capital is unable to state with certainty that every client relationship or other connection has been disclosed.  In this regard, if Roth Capital discovers additional information that requires disclosure, Roth Capital will file a supplemental disclosure with the Court as promptly as possible.

21.     Roth Capital does not believe it is a "creditor" with respect to fees and expenses of the Debtor within the meaning of § 101 (10) of the Bankruptcy Code.

22.     Further, to the best of my knowledge and except as otherwise indicated herein, Roth Capital does not have any connection with, the Debtor, its creditors, equity security holders, any other parties-in-interest in any matters relating to the Debtor or its estate, the Debtor's

respective attorneys and accountants, the United States Trustee for the District of Delaware, or any person employed by the office of the United States Trustee for the District of Delaware in this Chapter 11 proceeding.

23. The proposed engagement of Roth Capital is not prohibited by or improper under Bankruptcy Rule 5002.

24. As such, to the best of my knowledge, if engaged, Roth Capital will be a "disinterested person" as that term is defined in § 101(14) of the Bankruptcy Code, as modified by § 1107(b) of the Bankruptcy Code, in that Roth Capital:

  a.  is not a creditor, equity security holder, or insiders of the Debtor;

  b.  is not and was not, within two years before the date of the filing of the Debtor's chapter 11 petition, a director, officer, or employee of the Debtor; and

  c.  does not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtor, or for any other reason.

25. In addition, to the best of my knowledge and based upon the results of the relationship search described above and disclosed herein, Roth Capital neither holds nor represents an interest adverse to the Debtor within the meaning of § 327(a) of the Bankruptcy Code.

26. It is Roth Capital's policy and intent to update and expand its ongoing relationship search for additional parties in interest in an expedient manner. If any new material facts or relationships are discovered or arise, Roth Capital will promptly file a supplemental declaration pursuant to Bankruptcy Rule 2014(a).

RLF1 3521668v.1

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated:  December 30, 2009

John Chambers
Managing Director
Roth Capital Partners, LLC

# APPENDIX I TO DECLARATION OF JOHN CHAMBERS

## Conflicts Checklist

***Debtor***

Vion Pharmaceuticals, Inc.

***Debtor's Non-Debtor Affiliates***

Vion Australia PTY LTD
Vion (UK) Limited

***Debtor's 5% Shareholders***

Bruce & Co., Inc.[1]

***Debtor's Significant Equity Investors***

None in excess of one percent (1%) other than officers of the Company.

***Current Directors and Officers of the Debtor and for three years prior to the Petition Date***

Current Directors

William R. Miller, Chairman of the Board
Alan Kessman, Chief Executive Officer and Director
George Bickerstaff, Director
Kevin Rakin, Director
Alan C. Sartorelli, Ph.D., Director and Chairman of Vion's Scientific Advisory Board
Ian Williams, D. Phil., Director
Gary Willis, Director

Current Officers

Alan Kessman, Chief Executive Officer and Director
Howard B. Johnson, President and Chief Financial Officer
Ann Lee Cahill, Vice President, Clinical Development
Ivan King, Ph.D., Vice President, Research and Development
Karen Schmedlin, Vice President, Finance and Chief Accounting Officer
James Tanguay, Ph.D., Vice President, Chemistry, Manufacturing & Controls

Former Directors and Officers of Debtor for the Three Years Prior to the Petition Date

Stephen K. Carter, M.D., Director
Aileen Ryan, Vice President Regulatory Affairs

---

[1] Bruce & Co., Inc. is the investment manager for Bruce Ford, Inc. and other clients, a holder of the Debtor's 7.75% Convertible Senior Notes due 2012; the holding corresponds to the beneficial ownership of 781,017 shares of common stock, consisting of 132,580 shares of Common Stock and 648,437 shares of Common Stock underlying convertible senior notes.

Meghan Fitzgerald, Vice President Business Development
Tanya Lewis, Vice President Regulatory and Quality Assurance
William Hahne, Vice President Medical

Current Directors and Officers of Debtor's Affiliates

Alan Kessman, Director of each Affiliate
Ann Lee Cahill, Director of each Affiliate
Karen Schmedlin, Director and Secretary of each Affiliate
Kevin Fahey, Director of Australian subsidiary only
No Officers.

Former Directors and Officers of Affiliates for the Two Years Prior to the Petition Date

None.

**Debtor's Litigants**

None.

**Debtor's Banks and Money Market Funds**

UBS Financial Services Inc.
Citibank N.A.

**Debtor's Significant Customers**

None.

**Debtor's Landlord**

Science Park Development Corporation

RLF1 3521668v.1

### *Counterparties to Debtor's Significant Contracts[2]*

ABC Laboratories
Achillion Pharmaceuticals, Inc.
Almac Clinical Services
Anthem BCBS
AON Risk Services
AON Risk Services North East Inc.
Bowne Of New York City
Mellon Trust of New England
CRT Capital Group LLC
CIBC World Markets Corp.
Covance Laboratories
Leerink Swann & Company
Science Park Development Corporation
Yale University
Beijing Pason Pharmaceuticals, Inc.
HOVON, Stichting Haemoto Oncologie voor Volwassesnen
i3 Research
MDS Pharma Services
Weill Medical College
Northwestern University
Paoli Calmettes Institute
MetLife and Annuity Company of CT
Jacob A. Melnick
Division of Cancer Treatment and Diagnosis, National Cancer Institute
BenVenue Laboratories, Inc.
Sigma Aldrich Fine Chemicals, Inc.

### *Debtor's Noteholders and Trustee*

<u>Trustee</u>
U.S. Bank, N.A.

<u>Noteholders[3]</u>

Bruce & Co., Inc.

Lazard Asset Management

HighBridge Capital
Principal Global Investors, L.L.C./Edge Asset

---

[2] Excludes management parties to employment-related agreements. Such management personnel are listed under the caption Officers, above. Note certain names are included under this heading and are repeated in the top 30 creditor list.

[3] Names listed are believed to be holders of the Debtor's 7.75% Convertible Senior Notes. Notes are held through DTC participant names and not through the names of beneficial holders.

U.S. Trust, Bank of America Private Wealth Management
Pine River Capital Management
Baker Brothers Investments
Professional Life & Casualty
Huntington National Bank
Goldman Sachs & Co.
BNP Cooper Neff
Tang Capital
Deutsche Bank AG
Hammerman Capital
Iroquois Capital Partners, L.L.C
Castle Creek Partners, LLC

Debtor's 5% Beneficial Owner Bondholder
Bruce & Co., Inc.

### *Top 30 Unsecured Creditors*

Almac Clinical Services, Inc.
Aimee Altemus
Jessica Anderson
Christopher Carter
CHU Hopitaux de Bordeaux
Michael Belcourt
Jason DeGoes
Dana-Farber Cancer Institute
Tracey Douglass
Jing Du
Duke University Medical Center
Pamela Esposito
John Feeney
William Hahne
Hovon Centraal Bureau
INC Research Netherlands B.V.
IngeniX division i3
Institut Paoli-Calmettes
Verena Karsten
Xu Kevin Lin
MDS Pharma Services (US) Inc.
Colette Muenzen
Ala Nassar
Kurt Roinestad
Sarah Cannon Research Institute
UCLA Division of Hematology-Oncology Office of Clinical Trials
University of Texas (MD Anderson)
U.S. Bank, N.A., as Indenture Trustee for the Debtor's 7.75% Convertible Senior Notes
Weill Medical College of Cornell University

Yale University School of Medicine

### *Debtor's Proposed Professionals*

Abacus Benefits Consultants
Checkpoint HR LLC
Coleman, Sudol, Sapone P.C.
Cooper Grace Ward
Ernst & Young LLP
Law Office of Albert Wai-Kit Chan, LLC
R.K. Hills
Roth Capital Partners, LLC
Richards, Layton & Finger, P.A.
Simmons and Simmons
Tanya Lewis & Company, LLC
UHY Advisors NE, LLC
UHY International
Wiggin and Dana LLP
Walker System Support

### *Utilities*

The United Illuminating Company
Avaya, Inc.
Avaya Financial Services
A T & T
A T & T Mobility
Comcast
MegaPath Inc.
Walker Solutions, Inc.

### *Debtor's Insurers*

Axis Insurance Co.
Chicago Underwriting Group, Inc.
CNA
Federal Insurance Company
Gerling
Old Republic Insurance Co.
Illinois National Insurance Company
Vigilant Insurance Company

Debtor's Group Benefit Insurer
AC Newman & Co
Anthem BCBS
Guardian
Metropolitan Life

Security Mutual Life Insurance
UNUM Life Insurance Co. of America

### *Governmental Authorities*

Environmental Protection Agency
Federal Aviation Administration
Food and Drug Administration
Nuclear Regulatory Agency
Securities Exchange Commission

### *Taxing Authorities*

Internal Revenue Service
Delaware Division of Revenue
City of New Haven, Connecticut
Connecticut Department of Revenue Services

### *Debtor's Major Competitors*[4]

Amgen Inc.
Antisoma PLC
AstraZeneca PLC
Genzyme Corporation
Biogen Idec
Bristol-Myers Squibb Company
Celgene Corporation
Cephalon
Chiron Corporation
Cyclacel Pharmaceuticals, Inc.
Eli Lilly and Co
ImClone Systems Inc.
Eisai, Inc.
Genentech Inc.
Genzyme Corporation
Glaxo Smith Kline (Potential Competitor of Debtor)
Johnson & Johnson
Lorus Therapeutics Inc.
Novartis
OSI Pharmaceuticals, Inc.
Otsuka
Pfizer Inc.
Roche
Sanofi Aventis
Seattle Genetics

---

[4]     Names listed have publicly announced their intention to develop anti-cancer drugs.  The Debtor
does not have any products available for sale.

Schering-Plough Corporation
Takeda
Wyeth
Xanthus Pharmaceuticals, Inc.

### Other Potential Parties in Interest

Almac Clinical Services LTD
Bruce Ford, Inc.
Karen Buccini
Cardiff University
Cleveland Clinic Foundation
Clinsys, Inc.
Dennis Dingee
Dolores Fabian
Francis J. Giles
INC Research Inc.
Johns Hopkins University
New York Medical College
Northwestern University Office for Sponsored Research
Prologue Research Intel Inc.
Regents of University of Minnesota
St. Francis Hospital & Health Centers
University Hospitals of Cleveland
Xcenda, LLC

### Directors' Current Public Directorships/Affiliations

CRT Investment Banking LLC (Bickerstaff)
CRT Capital Group LLC (Bickerstaff)
BMP Sunstone Corp. (Bickerstaff)
Ipsogen S.A. (Rakin)
Advanced BioHealing, Inc. (Rakin)
Canaan Partners (Rakin)
Connecticut United for Research Excellence (CURE) (Rakin)
Yale University School of Medicine (Sartorelli)
Yale University (Sartorelli)
Plug Power, Inc. (Willis)
Rofin Sinar Technologies, Inc. (Willis)
Zygo Corp. (Willis)

### U.S. Trustee

Bonnie Anemone (Paralegal Specialist)
David Buchbinder (Trial Attorney)
Diane Giordano (Bankruptcy Analyst)
Christine Green (Paralegal Specialist)

William K. Harrington (Assistant United States Trustee)
Heck, Jeffrey (Bankruptcy Analyst)
Mark Kenney (Trial Attorney)
David Klauder (Trial Attorney)
Jane Leamy (Trial Attorney)
Joseph McMahon (Trial Attorney)
Office of the U.S. Trustee
James R. O'Malley (Bankruptcy Analyst)
Lauren O'Neal (OA Assistant)
Michael Panacio (Bankruptcy Analyst)
Richard Schepacarter (Trial Attorney)
Thomas Patrick Tinker (Trial Attorney)
Ramona Vinson (OA Assistant)
Michael West (Bankruptcy Analyst)
Shakima L. Williams (Paralegal Specialist)
Dion Wynn (Paralegal Specialist)

## APPENDIX II TO DECLARATION OF JOHN CHAMBERS

Based on a search run on December 18, 2009, in addition to the work performed for the Debtor, Roth Capital: (a) currently performs or has previously performed services as described in the John Chambers Declaration in matters <u>unrelated</u> to the Debtor's chapter 11 case, to the individuals or entities disclosed in the annexed chart; and (b) has other relationships with such entities as follows:

**Vion Conflict Check: ROTH Capital Partners**

| Name of Entity | Relationship to Debtor | Relationship to Roth Capital |
|---|---|---|
| Achillion Pharmaceuticals | Counterparties to Debtor's significant contracts | Professionals of ROTH Capital Partners have advised the company in the past, in matters unrelated to Vion |
| HighBridge Capital | Debtor's Bondholders and Trustee | Professionals of ROTH Capital Partners have executed securities transactions with the fund in the past, in matters unrelated to Vion |
| Baker Brothers | Debtor's Bondholders and Trustee | Professionals of ROTH Capital Partners have executed securities transactions with the fund in the past, in matters unrelated to Vion |
| Iroquois Capital | Debtor's Bondholders and Trustee | Professionals of ROTH Capital Partners have executed securities transactions with the fund in the past, in matters unrelated to Vion. A ROTH Capital professional is a limited partner in this fund and was previously employed with the fund. He does not exert control over the fund and is not involved in ROTH Capital Partner's engagement with Vion. |
| Tang Capital | Debtor's Bondholders and Trustee | Professionals of ROTH Capital Partners have executed securities transactions with the fund in the past, in matters unrelated to Vion |
| Merriman Curhan Ford & Co. | Debtor's Proposed Professionals | Professionals of ROTH Capital Partners who are handling this engagement were previously employed by Merriman |
| Genzyme Corporation | Debtor's Major Competitors | Professionals of ROTH Capital Partners have advised the company in the past, in matters unrelated to Vion |
| Celgene Corporation | Debtor's Major Competitors | Professionals of ROTH Capital Partners have advised the company in the past, in matters unrelated to Vion |
| Cephalon | Debtor's Major Competitors | Professionals of ROTH Capital Partners have advised the company in the past, in matters unrelated to Vion |
| Chiron Corporation | Debtor's Major Competitors | Professionals of ROTH Capital Partners have advised the company in the past, in matters unrelated to Vion |
| Cyclacel Pharmaceuticals, Inc. | Debtor's Major Competitors | Professionals of ROTH Capital Partners have advised the company in the past, in matters unrelated to Vion |
| Novartis | Debtor's Major Competitors | Professional of ROTH Capital Partners was previously employed by Novartis, and worked on matters unrelated to Vion |
| Eli Lilly and Co. | Debtor's Major Competitors | Professional of ROTH Capital Partners was previously employed by Eli Lilly, and worked on matters unrealted to Vion |
| Ernst & Young | Debtor's Proposed Professionals | Ernst & Young is a co-defendant with ROTH Capital Partners in an ongoing litigation, and was involved with ROTH as its auditor in the past, unrelated to Vion. |