## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| VION PHARMACEUTICALS, INC., | Case No. 09-14429 (CSS) |
| Debtor. | |

## APPLICATION PURSUANT TO 11 U.S.C. §§ 328 AND 1103(a) FOR AUTHORITY TO EMPLOY AND RETAIN OLSHAN GRUNDMAN FROME ROSENZWEIG & WOLOSKY LLP AS COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS

The Official Committee of Unsecured Creditors of Vion Pharmaceuticals, Inc. (the "Committee"), hereby applies (the "Application") to this Court for approval of its employment of Olshan Grundman Frome Rosenzweig & Wolosky ("Olshan") as counsel to the Committee *nunc pro tunc* to January 6, 2010 pursuant to 11 U.S.C. §§ 328 and 1103, Federal Rule of Bankruptcy Procedure 2014 and Rule 2014-1 of the Local Rules of Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") and in support thereof respectfully represents as follows:

### INTRODUCTION

1. On December 17, 2009 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code (the "Case"). The Debtor continues to operate its business and manage its property, as debtor in possession, pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code.

2. On January 4, 2010, the Committee was formed and subsequently retained counsel subject to approval of the Court. The Committee represents the interests of all unsecured creditors of the Debtor pursuant to 11 U.S.C. § 1102.

3. On January 6, 2010, the Committee selected Olshan as counsel for the Committee.

4. By this Application, and pursuant to §§ 328 and 1103 of the Bankruptcy Code, the Committee seeks an order approving its employment of Olshan as its counsel to perform services in connection with this chapter 11 case.

5. Section 328(a) of the Bankruptcy Code empowers a committee appointed under § 1102 of the Bankruptcy Code, with the Court's approval, to employ attorneys under Bankruptcy Code § 1103 on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, or on a contingent fee basis, to perform services for such committee. 11 U.S.C. § 328(a). Pursuant to § 1103(b), an attorney employed to represent a committee may not, while employed by such committee, represent any other entity having an adverse interest in connection with the case. 11 U.S.C. § 1103(b). Olshan has advised the Committee that neither Olshan nor any partner, counsel or associate thereof holds or represents any other entity in connection with the pending chapter 11 case of the Debtor, or having an adverse interest thereto, except as may be set forth in the declaration of Adam H. Friedman, which is attached hereto as **Exhibit A**.

6. The Committee has selected Olshan because of its attorneys' expertise and knowledge in the field of creditors rights and bankruptcy, particularly in the biotech industry. Olshan has advised the Committee that it may have in the past represented or opposed, may currently represent or oppose, and may, in the future, represent or oppose, in matters totally unrelated to the Debtor's pending chapter 11 case, entities that are claimants of the Debtor or are otherwise parties-in-interest (or service providers) in this case. Olshan has not and will not represent any such parties, or any of their affiliates or subsidiaries, in relation to the Committee

2

or the Debtor. The Committee believes that Olshan is qualified to represent the Committee herein.

7.      The professional services for which the Committee desires to employ Olshan include, without limitation, the following:

(a) providing the Committee with legal advice with respect to its rights, duties and powers as an official committee appointed under 11 U.S.C. § 1102;

(b) assisting the Committee in investigating the acts, conduct, assets, liabilities and financial condition of the Debtor, the operation of the Debtor's business and the desirability of the continuance of such business and any other matter relevant to this chapter 11 case or to the formation of a plan;

(c) preparing pleadings and applications as may be necessary in furtherance of the Committee's interest and objectives;

(d) participating in formulating a plan or plans of reorganization;

(e) assisting the Committee in considering and requesting the appointment of a trustee or examiner or conversion, should such action(s) become necessary;

(f) consulting with the Debtor, its professionals and the United States Trustee concerning the administration of the Debtor's estates;

(g) representing the Committee in hearings and other judicial proceedings; and

(h)  performing such other legal services as may be required and as are deemed to be in the best interests of the Committee and the constituency which it represents.

8.      Section 328(a) of the Bankruptcy Code authorizes the employment of a professional person on any reasonable terms and conditions of employment, including on an hourly basis. 11 U.S.C. § 328(a). Subject to this Court's approval, and in accordance with

§§ 330 and 331 of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure and the Local Rules, the Committee requests that Olshan be compensated on an hourly basis, plus reimbursement of the actual and necessary expenses that Olshan incurs, in accordance with the ordinary and customary rates that Olshan charges its other clients that are in effect on the date the services are rendered.

## NOTICE

9.      Pursuant to Local Rules 2002-1(b) and 2014-1, the Committee has provided notice of this Application to: (i) counsel for the Debtor; (ii) the United States Trustee and (iii) all parties who have requested notice pursuant to Bankruptcy Rule 2002. The Committee submits that no other or further notice is necessary or required under the circumstances.

10.     No previous application for the relief sought herein has been made to this or any other Court.

## CONCLUSION

WHEREFORE, the Committee respectfully that the Court enter an order substantially in the form attached hereto and grant such other and further relief as is just and proper.

Dated: January 20, 2010

Respectfully submitted,

THE OFFICIAL COMMITTEE OF
UNSECURED CREDITORS OF .
VION PHARMACEUTICALS, INC.

By: _Eric Colandrea_____
Name: Eric F. Colandrea
Title: Committee Chairperson

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| VION PHARMACEUTICALS, INC., | Case No. 09-14429 (CSS) |
| Debtor. | |

## ORDER PURSUANT TO 11 U.S.C. §§ 328 and 1103(a) AUTHORIZING EMPLOYMENT AND RETENTION OF OLSHAN GRUNDMAN FROME ROSENZWEIG & WOLOSKY LLP AS COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS

Upon the Application of the Committee appointed in the chapter 11 case of the above-captioned debtor and debtor in possession (the "Debtor"), for an order pursuant to §§ 328 and 1103 of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), authorizing the Committee to retain Olshan as its counsel, *nunc pro tunc* to January 6, 2010; and upon the declaration of Adam H. Friedman, a partner at Olshan, which is annexed to the Application; and it appearing that notice has been given to those parties identified in the Application; and after due deliberation and sufficient cause appearing therefore, it is

HEREBY FOUND THAT:

1.      Due and proper notice of the Application has been given, and no other or further notice is necessary or required;

2.      Olshan does not hold or represent any other entity having an adverse interest in connection with the Debtor's case;

3.      The employment of Olshan as counsel to the Committee to represent or perform services for the Committee is necessary and appropriate; and it is therefore

ORDERED, ADJUDGED AND DECREED THAT:

4.      Pursuant to §§ 328 and 1103 of the Bankruptcy Code, the Committee is hereby authorized and empowered to employ Olshan as its counsel in this chapter 11 case *nunc pro tunc* to January 6, 2010, and Olshan is authorized to perform the services set forth in the Application.

5.      Olshan shall be compensated in accordance with the procedures set forth in §§ 330 and 331 of the Bankruptcy Code, the applicable Federal Rules of Bankruptcy Procedure, the local rules of this Court, and such other procedures as may be fixed by order of this Court.

6.      This Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: January __, 2010
       Wilmington, Delaware

_____
The Honorable Christopher S. Sontchi
United States Bankruptcy Judge

877988-2