IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| VION PHARMACEUTICALS, INC.,[1] | Case No. 09-14429 (CSS) |
| Debtor. | Objections Due: Feb. 8, 2010 by 4:00 p.m.<br>Hearing Date: Feb. 18, 2010 at 1:00 p.m. |

## APPLICATION PURSUANT TO 11 U.S.C. §§ 328 AND 1103(a) FOR AUTHORITY TO EMPLOY AND RETAIN POTTER ANDERSON & CORROON LLP AS CO-COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS *NUNC PRO TUNC* TO JANUARY 4, 2010

The Official Committee of Unsecured Creditors (the "Committee") of Vion Pharmaceuticals, Inc., (the "Debtor") hereby applies (the "Application") to this Court for approval of its employment of Potter Anderson & Corroon LLP ("Potter Anderson") as co-counsel to the Committee *nunc pro tunc* to January 4, 2010 pursuant to sections 328 and 1103 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), Federal Rules of Bankruptcy Procedure 2014 (the "Bankruptcy Rules") and Rule 2014-1 of the Local Rules of Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") and in support thereof respectfully represents as follows:

### JURISDICTION AND VENUE

1. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. § 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicates for the relief requested in the Application are sections 328(a) and 1103(a) of the Bankruptcy Code.

---

[1] The Debtor in this case, along with the last four digits of the federal tax identification number for the Debtor, is Vion Pharmaceuticals, Inc. (1221). The Debtor's corporate offices are located at 4 Science Park, New Haven, Connecticut 06511.

## BACKGROUND

3.  On December 17, 2009, (the "Petition Date") the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtor continues to operate its business and manage its property, as debtor-in-possession, pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in this case.

4.  On January 4, 2010, (the "Committee Formation Date") the Committee was appointed in this case by the Office of the United States Trustee, consisting of the following three members: (i) i3 Research; (ii) Highbridge International LLC; and (iii) US Bank National Association [D.I. 49]. The Committee represents the interests of all unsecured creditors of the Debtor pursuant to section 1102 of the Bankruptcy Code. The Committee has selected Olshan Grundman Frome Rosenzweig & Wolosky ("Olshan") to serve as counsel to the Committee. The Committee also selected Potter Anderson to serve as co-counsel to the Committee.

## RELIEF REQUESTED

5.  By this Application, the Committee seeks to employ and retain Potter Anderson as its co-counsel, *nunc pro tunc*, to January 4, 2010, pursuant to sections 328(a) and 1103(a) of the Bankruptcy Code.

## BASIS FOR RELIEF REQUESTED

6.  The professional services for which the Committee desires to employ Potter Anderson include, without limitation, the following:

    a.  providing the Committee with legal advice with respect to its rights, duties and powers as an official committee appointed under 11 U.S.C. § 1102;

    b.  assisting the Committee in investigating the acts, conduct, assets, liabilities and financial condition of the Debtor, the operation of the Debtor's business and the

desirability of the continuance of such business and any other matter relevant to this chapter 11 case or to the formation of a plan;

   c.  preparing pleadings and applications as may be necessary in furtherance of the Committee's interest and objectives;

   d.  participating in formulating a plan or plans of reorganization;

   e.  assisting the Committee in considering and requesting the appointment of a trustee or examiner or conversion, should such action(s) become necessary;

   f.  consulting with the Debtor, its professionals and the United States Trustee concerning the administration of the Debtor's estate;

   g.  representing the Committee in hearings and other judicial proceedings;

   h.  advising the Committee on practice and procedure in the Bankruptcy Court for the District of Delaware; and

   i.  performing such other legal services as may be required and as are deemed to be in the best interests of the Committee and the constituency which it represents.

  7.  Section 328(a) of the Bankruptcy Code empowers a committee appointed under section 1102 of the Bankruptcy Code, with the Court's approval, to employ attorneys under Bankruptcy Code section 1103 on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, or on a contingent fee basis, to perform services for such committee. 11 U.S.C. § 328(a). Pursuant to section 1103(b), an attorney employed to represent a committee may not, while employed by such committee, represent any other entity having an adverse interest in connection with the case. 11 U.S.C. § 1103(b). Potter Anderson has advised the Committee that neither Potter Anderson nor any partner, counsel or associate thereof holds or represents any other entity in connection with the pending chapter 11 case of the

3

Debtor, or having an adverse interest thereto, except as may be set forth in the declaration of Jeremy W. Ryan, which is attached hereto as **Exhibit A**.

8. The Committee believes Potter Anderson possesses extensive knowledge and expertise in the areas of law relevant to this chapter 11 case, and that Potter Anderson is well qualified to represent the Committee. In selecting its counsel, the Committee sought attorneys with considerable experience in representing unsecured creditors' committees in chapter 11 reorganization cases and other debt restructurings.

9. Potter Anderson has advised the Committee that it may have in the past represented or opposed, may currently represent or oppose, and may, in the future, represent or oppose, in matters totally unrelated to the Debtor's pending chapter 11 case, entities that are claimants of the Debtor or are otherwise parties-in-interest (or service providers) in this case. Potter Anderson has not and will not represent any such parties, or any of their affiliates or subsidiaries, in relation to the Committee or the Debtor.

10. Section 328(a) of the Bankruptcy Code authorizes the employment of a professional person on any reasonable terms and conditions of employment, including on an hourly basis. 11 U.S.C. § 328(a). Subject to this Court's approval, and in accordance with sections 330 and 331 of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure and the Local Rules, the Committee requests that Potter Anderson be compensated on an hourly basis, plus reimbursement of the actual and necessary expenses that Potter Anderson incurs, in accordance with the ordinary and customary rates that Potter Anderson charges its other clients that are in effect on the date the services are rendered.

## NOTICE

11. Pursuant to Local Rules 2002-1(b) and 2014-1, the Committee has provided notice of this Application to: (i) counsel for the Debtor; (ii) the United States Trustee and (iii) all parties who have requested notice pursuant to Bankruptcy Rule 2002. The Committee submits that no other or further notice is necessary or required under the circumstances.

12. No previous application for the relief sought herein has been made to this or any other Court.

## CONCLUSION

WHEREFORE, the Committee respectfully requests that the Court enter an order substantially in the form attached hereto and grant such other and further relief as is just and proper.

Dated: Wilmington, Delaware
January 20, 2010

**THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF VION PHARMACEUTICALS, INC.**

By: *[signature]*
Name: Eric F. Colandrea

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| VION PHARMACEUTICALS, INC.,[1] | Case No. 09-14429 (CSS) |
| Debtor. | Related Docket No. _____ |

## ORDER PURSUANT TO 11 U.S.C. §§ 328 AND 1103(a) AUTHORIZING EMPLOYMENT AND RETENTION OF POTTER ANDERSON & CORROON LLP AS CO-COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS *NUNC PRO TUNC* TO JANUARY 4, 2010

Upon the Application,[2] of the Committee appointed in the chapter 11 case of the above-captioned debtor and debtor-in-possession (the "Debtor"), for an order pursuant to sections 328 and 1103(a) of chapter 11, of title 11, of the United States Code §§ 101-1532 (the "Bankruptcy Code"), authorizing the Committee to retain Potter Anderson as its co-counsel, *nunc pro tunc* to January 4, 2010; and upon the declaration of Jeremy W. Ryan, a partner at Potter Anderson, which is annexed to the Application; and it appearing that notice has been given to those parties identified in the Application; and after due deliberation and sufficient cause appearing therefore, it is

HEREBY FOUND THAT:

1. Due and proper notice of the Application has been given, and no other or further notice is necessary or required.

2. Potter Anderson does not hold or represent any other entity having an adverse interest in connection with the Debtor's case.

---

[1] The Debtor in this case, along with the last four digits of the federal tax identification number for the Debtor, is Vion Pharmaceuticals, Inc. (1221). The Debtor's corporate offices are located at 4 Science Park, New Haven, Connecticut 06511.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Application.

3. The employment of Potter Anderson as counsel to the Committee to represent or perform services for the Committee is necessary and appropriate; and it is therefore

ORDERED, ADJUDGED AND DECREED THAT:

1. Pursuant to sections 328 and 1103 of the Bankruptcy Code, the Committee is hereby authorized and empowered to employ Potter Anderson as its co-counsel in this chapter 11 case *nunc pro tunc* to January 4, 2010, and Potter Anderson is authorized to perform the services set forth in the Application.

2. Potter Anderson shall be compensated in accordance with the procedures set forth in sections 330 and 331 of the Bankruptcy Code, the applicable Federal Rules of Bankruptcy Procedure, the local rules of this Court, and such other procedures as may be fixed by order of this Court.

3. This Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: _____, 2010
Wilmington, Delaware

_____
The Honorable Christopher S. Sontchi
United States Bankruptcy Judge