IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| VION PHARMACEUTICALS, INC. | Case No. 09-14429-CSS |
| Debtor. | |

**APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR AN ORDER UNDER BANKRUPTCY CODE SECTIONS 328(a) AND 1103(a) AND BANKRUPTCY RULES 2014(a) AND 2016(b) APPROVING THE EMPLOYMENT AND RETENTION OF NHB ADVISORS, INC. *NUNC PRO TUNC* TO JANUARY 6, 2010, AS FINANCIAL ADVISORS TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS**

The Official Committee of Unsecured Creditors of the estate of Vion Pharmaceuticals, Inc. (the "Committee") in this Chapter 11 case hereby files this application (the "Application") for an Order, pursuant to sections 328, and 1103 of the Bankruptcy Code and Rule 2014 of the Federal Rules of Bankruptcy Procedure, authorizing the employment and retention of NHB Advisors, Inc. ("NHB") as Financial Advisors to the Committee *nunc pro tunc* to January 6, 2010 (the "Retention Date"). In support of the Application, the Committee relies upon the Affidavit of Edward T. Gavin, CTP (the "Gavin Affidavit") attached hereto as Exhibit A and incorporated by reference, and respectfully represents as follows:

{00746768;v2}

1

## BACKGROUND

1. Vion Pharmaceuticals, Inc. (the "Debtor") filed its voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") on December 17, 2009. Pursuant to Sections 1107 and 1108 of the Bankruptcy Code, the Debtor operates its business as a debtor-in-possession. No trustee or examiner has been appointed in this case.

2. On January 4, 2010, the Office of the United States Trustee, pursuant to Section 1102 of the Bankruptcy Code, appointed the following members to the Committee: U.S. Bank National Association, Highbridge International LLC & i3 Research.

3. By this Application, the Committee seeks to employ and retain NHB as its financial advisor during these Chapter 11 cases effective as of January 6, 2010, the date the Committee selected NHB as its financial advisor and NHB began to work on behalf of the Committee.

## JURISDICTION

4. This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. Venue of this proceeding and this Application is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for this Application are 11 U.S.C. §§ 328 and 1103.

## RELIEF REQUESTED

5. The Committee desires to retain and employ NHB as its financial advisor in this Chapter 11 case. By this Application, the Committee requests that the Court enter an order authorizing the Committee to retain and employ NHB, *nunc pro tunc* to the Reten-

tion Date. Accordingly, the Committee respectfully requests the entry of an order, pursuant to Section 1103 of the Bankruptcy Code, authorizing the employment and retention of NHB as its financial advisor to perform the advisory services that will be necessary during this Chapter 11 case.

6. The Committee has selected NHB based on NHB's experience in providing financial advisory services in Chapter 11 cases and based on NHB's familiarity with the Debtor's businesses.

7. The Committee has been advised that: (i) NHB is one of the country's premier mid-market turnaround and crisis management firms and is well respected for its role as financial advisors; (ii) NHB has extensive experience working with financially troubled entities in complex financial reorganizations – both in Chapter 11 cases and in out-of-court restructuring situations and; (iii) in particular, NHB and its principals and associates have served, or are serving, as financial advisors to numerous official committees and debtor-in-possession in bankruptcy proceedings.

## SERVICES TO BE PROVIDED

8. The Committee seeks the employment of NHB to assist it in evaluating the Debtor's businesses during these Chapter 11 cases. The Committee seeks to retain NHB to provide financial advisory services including, but not limited to, the following:

    a) Reviewing and analyzing the business, management, operations, properties, financial condition and prospects of the Debtor;

    b) Reviewing and analyzing historical financial performance, and transactions between and among the Debtor, its creditors, affiliates and other entities;

c) Reviewing the assumptions underlying the business plans and cash flow projections for the assets involved in any potential plan of reorganization;

d) Determining the reasonableness of the projected performance of the Debtor;

e) Monitoring, evaluating and reporting to the Committee with respect to the Debtor's near-term liquidity needs, material operational changes and related financial and operational issues;

f) Reviewing and analyzing all material contracts and/or agreements;

g) Assisting and procuring and assembling any necessary validations of asset values;

h) Providing ongoing assistance to the Committee and the Committee's legal counsel;

i) Evaluating the Debtor's capital structure and making recommendations to the Committee with respect to the Debtor's efforts to reorganize its business operations and confirm a plan;

j) Assisting the Committee in preparing documentation required in connection with creating, supporting or opposing a plan and participating in negotiations on behalf of the Committee with the Debtor or any groups affected by a plan;

k) Assisting the Committee in marketing the Debtor's assets with the intent of maximizing the value received for any such assets from any such sale; and,

l) Providing ongoing analysis of the Debtor's financial condition, business plans, capital spending budgets, operating forecasts, management and the prospects for its future performance.

9. To the best of the Committee's knowledge, information and belief, except as set forth in the Gavin Affidavit filed concurrently herewith, NHB has no connection with, and holds no interest adverse to, the Debtor, its estate, its creditors, or any party in interest in this case, nor to the best of the Committee's knowledge does NHB hold any interest adverse to the interests of the Committee or Debtor's creditors, except as set forth in the Gavin Affidavit.

10. Subject to the approval of this Court, NHB will charge the Committee for its advisory services on an hourly basis in accordance with its ordinary and customary rates, which are in effect on the date the services are rendered, subject to periodic adjustments. The Committee has been advised by NHB that the current hourly rates, which will be charged in respect of the primary members of the NHB engagement team for the Committee, are as follows:

| | |
|---|---|
| Edward T. Gavin, CTP | $475.00/hour |
| Michael W. Savage, CTP, CIRA | $375.00/hour |
| Angela C. Phillips | $325.00/hour |

11. From time to time, other NHB Principals, advisors and associates may be involved in these cases as needed. Hourly rates for these principals, advisors and associates range from $250.00 to $550.00 per hour. Reasonable travel time will be charged at one-half of the applicable hourly rate unless actual work is performed during such travel time, in which case the full hourly rate will be charged. The Committee has requested, and NHB has agreed to, a cap on the monthly fees charged for time for January 2010 and February 2010 in the amount of Seventy Thousand Dollars ($70,000.00) per month, with no cap thereafter unless subsequently modified and agreed to by the Committee and NHB.

{00746768;v2}

12. In addition to hourly rates previously referred to and subject to the approval of this Court, the Debtor's estate shall also reimburse NHB for its travel and other reasonable out-of-pocket expenses, including but not limited to messenger, delivery charges, telephone, facsimile, photocopy and other similar charges, in connection with, or arising out of NHB's activities under this engagement, including but not limited to its due diligence investigation and review. NHB will charge the cost of these expenses in a manner and at rates consistent with charges generally made to the firm's other clients. All such charges for which NHB seeks payment are subject to Court approval and/or pursuant to any administrative procedures established by Order of the Court. NHB understands that any compensation for fees and expenses paid to it must be from the Debtor's estate and must be approved by the Court upon application consistent with the findings of <u>In re Busy Beaver Building Center, Inc.</u>, 19 F.3d 833 (3d Cir. 1994).

13. The Committee believes that the employment of NHB is necessary and in the best interests of the estate, enabling the Committee to carry out its fiduciary duties owed to creditors under the Bankruptcy Code.

WHEREFORE, the Committee respectfully requests that this Court enter an Order, in the form annexed hereto, (i) authorizing employment and retention of NHB *nunc pro tunc* to January 6, 2010 as financial advisor to the Committee, pursuant to sections 328 and 1103 of the Bankruptcy Code, as well as Rule 2014 of the Federal Rules of Bankruptcy Procedure, and (ii) for such other and further relief as the Court deems proper and just.

Respectfully submitted,

The Official Committee of Unsecured Creditors of the Estate of Vion Pharmaceuticals, Inc.

Dated: January ___, 2010

By: _____
Eric F. Colandrea
Committee Chairperson

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| VION PHARMACEUTICALS, INC.,[1] ) | Case No. 09-14429 (CSS) |
| ) | |
| ) | |
| Debtor. ) | Related Docket No. _____ |
| ) | |

**ORDER PURSUANT TO 11 U.S.C. §§ 328 AND 1103(a) FOR AUTHORITY TO
EMPLOY AND RETAIN NHB ADVISORS, INC. AS FINANCIAL
ADVISORS TO THE OFFICIAL COMMITTEE OF
<u>UNSECURED CREDITORS *NUNC PRO TUNC* TO JANUARY 4, 2010</u>**

Upon the Application,[2] of the Committee appointed in the chapter 11 case of the above-captioned debtor and debtor-in-possession (the "<u>Debtor</u>"), for an order pursuant to sections 328 and 1103(a) of chapter 11, of title 11, of the United States Code §§ 101-1532 (the "<u>Bankruptcy Code</u>"), authorizing the Committee to retain NHB Advisors, Inc. ("<u>NHB</u>") as its financial advisors, *nunc pro tunc* to January 4, 2010; and upon the Affidavit of Edward T. Gavin, CTP, a principle of NHB, which is annexed to the Application; and it appearing that notice has been given to those parties identified in the Application; and after due deliberation and sufficient cause appearing therefore, it is

HEREBY FOUND THAT:

1. Due and proper notice of the Application has been given, and no other or further notice is necessary or required.

---

[1] The Debtor in this case, along with the last four digits of the federal tax identification number for the Debtor, is Vion Pharmaceuticals, Inc. (1221). The Debtor's corporate offices are located at 4 Science Park, New Haven, Connecticut 06511.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Application.

2. NHB does not hold or represent any other entity having an adverse interest in connection with the Debtor's case.

3. The employment of NHB as financial advisors to the Committee to represent or perform services for the Committee is necessary and appropriate; and it is therefore

ORDERED, ADJUDGED AND DECREED THAT:

1. Pursuant to sections 328 and 1103 of the Bankruptcy Code, the Committee is hereby authorized and empowered to employ NHB as its financial advisors in this chapter 11 case *nunc pro tunc* to January 4, 2010, and NHB is authorized to perform the services set forth in the Application.

2. NHB shall be compensated in accordance with the procedures set forth in sections 330 and 331 of the Bankruptcy Code, the applicable Federal Rules of Bankruptcy Procedure, the local rules of this Court, and such other procedures as may be fixed by order of this Court.

3. This Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: _____, 2010
      Wilmington, Delaware

                                                  The Honorable Christopher S. Sontchi
                                                  United States Bankruptcy Judge