IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------x
                                              :
*In re:*                                      :    Chapter 11
                                              :
VION PHARMACEUTICALS, INC.,                   :    Case No. 09-14429 (CSS)
                                              :
            Debtor.[1]                        :    Re: Docket No. 109
                                              :
------------------------------------------------------x

**ORDER APPROVING THE DISCLOSURE STATEMENT AND
(I) ESTABLISHING PROCEDURES FOR SOLICITATION AND TABULATION
OF VOTES TO ACCEPT OR REJECT THE DEBTOR'S PLAN OF LIQUIDATION
INCLUDING (A) FIXING THE VOTING RECORD DATE, (B) APPROVING
SOLICITATION PACKAGES AND PROCEDURES FOR DISTRIBUTION THEREOF,
AND (C) APPROVING FORMS OF BALLOTS AND ESTABLISHING PROCEDURES
FOR VOTING ON THE PLAN; (II) SCHEDULING A CONFIRMATION HEARING
AND ESTABLISHING NOTICE AND OBJECTION PROCEDURES IN RESPECT OF
CONFIRMATION OF THE PLAN; AND (III) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the above-captioned debtor and debtor-in-possession (the "Debtor") for entry of an order, pursuant to sections 105, 1125, 1126 and 1128 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), Rules 2002, 3003, 3017, 3018 and 3020 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 3017-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), for entry of an order (i) approving the proposed Disclosure Statement for Debtor's Plan of Liquidation (the "Disclosure Statement"); (ii) approving notice and objection procedures for the Disclosure Statement Hearing; (iii) establishing procedures for the solicitation and tabulation of votes to accept or

---

[1] The Debtor in this case, along with the last four digits of the federal tax identification number for the Debtor, is Vion Pharmaceuticals, Inc. (1221). The Debtor's corporate offices are located at 4 Science Park, New Haven, Connecticut 06511.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to terms in the Motion or Plan (as defined in the Motion), as appropriate.

RLF1 3543107v.1

reject the Debtor's Plan of Liquidation, as the same may be amended, (the "Plan"), including: (a) fixing the voting record date for purposes of determining which holders of Claims against the Debtor are entitled to vote on the Plan, (b) approving solicitation packages and procedures for distribution in connection with the solicitation of votes on the Plan as the same may be amended and (c) approving forms of ballots and establishing procedures for voting on the Plan; (iv) scheduling a confirmation hearing and establishing notice and objection procedures in respect of confirmation of the Plan; and (v) granting related relief and it appearing that adequate and sufficient notice of the Motion has been given under the circumstances; and the Court having jurisdiction over this matter; and it appearing that this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that this proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and it appearing that venue of this proceeding and the Motion is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409; and due, adequate and sufficient notice of the Motion having been given; and it appearing that no other notice need be given; and after due deliberation and sufficient cause appearing therefor,

**THE COURT HEREBY FINDS AND DETERMINES THAT:**

A. Service of the Notice of the Disclosure Statement Hearing comports with the requirements of Bankruptcy Rules 2002 and 3017.

B. The Disclosure Statement contains adequate information within the meaning of Section 1125 of the Bankruptcy Code.

C. The Ballot annexed hereto as <u>Exhibit 2</u> is sufficiently consistent with Official Form No. 14, adequately addresses the particular needs of this chapter 11 case, and is appropriate for the class of Claims entitled, under the Plan, to vote to accept or reject the Plan.

2

D. Ballots need not be provided to holders of Claims or Equity Interests in Classes 1, 2, and 4. The Plan provides that holders of Claims in Classes 1 and 2 are not Impaired under the Plan and are not entitled to vote to accept or reject the Plan. The Plan further provides that holders of Interests and Interest Related Claims in Class 4 shall not receive nor retain any property on account of such interests, are deemed to have rejected the Plan and are not entitled to vote to accept or reject the Plan.

E. Ballots need not be provided to holders of Administrative Expense Claims or Priority Tax Claims because such claims are not classified under the Plan.

F. The solicitation procedures in the Motion, which are incorporated by reference herein, and the voting instructions and procedures attached to the Ballot, provide for a fair and equitable voting process and are consistent with section 1126 of the Bankruptcy Code and the Bankruptcy Rules.

G. The contents of the Solicitation Packages, as set forth in the Motion and this Order, comply with Bankruptcy Rules 2002 and 3017 and constitute sufficient notice to all interested parties including, without limitation, holders of Claims against, and interests in, the Debtor.

H. The direct notice of the Disclosure Statement Hearing and the combination of direct and published notice of the Confirmation Hearing, as set forth in the Motion and this Order, satisfies the requirements of due process with respect to all known and unknown creditors of the Debtor and other parties in interest.

**NOW THEREFORE, IT IS HEREBY ORDERED THAT:**

1. <u>Disposition</u>. The Motion is GRANTED.

2. **Disclosure Statement**. The Disclosure Statement complies with all aspects of section 1125 of the Bankruptcy Code, and is hereby approved as containing adequate information, as defined by section 1125(a) of the Bankruptcy Code. Any objections to the Disclosure Statement that have not been previously settled or withdrawn are hereby overruled.

3. **Record Date**. The record date for purposes of determining which holders of Claims and Equity Interests are entitled to receive the Solicitation Packages and/or to vote on the Plan, as applicable, shall be March 1, 2010 (the "Record Date"). Each holder of a Claim in the Voting Class shall only be entitled to vote to accept or reject the Plan in the amount and Class as is held as of the Record Date or as otherwise ordered by the Court.

4. **Solicitation Packages**. Upon the Solicitation Commencement Date, or as reasonably practicable thereafter, but no later than March 3, 2010, the Debtor is authorized and directed to distribute, or cause to be distributed, the Solicitation Packages, by first class mail, to all holders of Claims in Voting Classes and all holders of claims or interests in the Non-Voting Classes, in each case as of the Record Date. Such Solicitation Packages shall contain:

(a) the Disclosure Statement, together with the Plan and other exhibits annexed thereto;

(b) this Order, excluding exhibits annexed thereto;

(c) the Confirmation Hearing Notice;

(d) the Committee Letter in support of the Plan;

(e) either:

    i. the appropriate Ballot, together with a return envelope or

    ii. a Notice of Non-Voting Status; and

(f) such other materials as the Court may direct or approve, including supplemental solicitation materials the Debtor may file with the Court.

4

5. To the extent that the following parties are not otherwise entitled to receive a Solicitation Package, on the Solicitation Commencement Date, the Debtor shall commence distribution of (a) the Disclosure Statement, together with the Plan and other exhibits annexed thereto, (b) this Order, excluding exhibits annexed thereto and (c) the Confirmation Hearing Notice to: (a) the Office of the United States Trustee for the District of Delaware; (b) counsel to the Official Committee of Unsecured Creditors; (c) the Securities and Exchange Commission and (d) those parties who have requested notice pursuant to Bankruptcy Rule 2002.

6. To the extent that holders of Administrative Expense Claims and Priority Tax Claims are not otherwise entitled to receive a Solicitation Package, on the Solicitation Commencement Date, the Debtor shall commence distribution of (a) the Disclosure Statement, together with the Plan and other exhibits annexed thereto, (b) this Order, excluding exhibits annexed thereto and (c) the Confirmation Hearing Notice, to all holders of such Claims.

7. A transferee of any transferred Claim shall be entitled to receive a Solicitation Package and cast a Ballot on account of a transferred Claim only if: (a) all actions necessary to effect the transfer of such Claim pursuant to Bankruptcy Rule 3001(e) have been completed on or before the Record Date; or (b) no later than the Record Date, the transferee files (i) the documentation required by Bankruptcy Rule 3001(e) to evidence the transfer of such Claim and (ii) a sworn statement of the transferor supporting the validity of such transfer.

8. To the extent practicable, holders who hold more than one claim or interest in more than one class entitled to receive a Solicitation Package shall only receive one (1) Solicitation Package containing all necessary Ballots.

9. The Solicitation Package and the manner and service thereof satisfy the requirements of Bankruptcy Rule 3017(d).

RLF1 3543107v.1

10. <u>Transferred Claims</u>. If a Claim is transferred after the transferor has completed and returned a Ballot, the transferee of such Claim shall be bound by any vote made on the Ballot.

11. <u>Delivery to Holders of Non-Voting Claims</u>. The Notices of Non-Voting Status, substantially in the form annexed hereto as <u>Exhibit 1</u>, are hereby approved. The Debtor shall distribute, or cause to be distributed, Solicitation Packages, which shall include an Notice of Non-Voting Status instead of a Ballot, to holders, as of the Record Date, of claims or interests, as applicable, in Classes 1, 2, and 4.

12. <u>Undeliverable or Returned Notices and Solicitation Packages</u>. The Debtor shall be excused from giving notice or providing service of any kind upon any person or entity to whom the Debtor mailed a Notice of the Disclosure Statement Hearing or any other notices or materials approved for distribution pursuant to this Order and received any of such notices returned by the United States Postal Service or other carrier marked "undeliverable as addressed", "moved – left no forwarding address", or "forwarding order expired", or similar reason, unless the Debtor has been informed in writing by such person or entity of that person's or entity's new address; and (b) the Debtor shall be excused from re-mailing the Solicitation Package, or other notices, as the case may be, to those persons or entities whose addresses differ from the addresses in the claims register or the Debtor's records as of the Record Date. If a creditor has changed its mailing address after the Petition Date, the burden shall be on the creditor or party-in-interest, not the Debtor, to advise the Voting Agent or the Debtor of its new address.

13. <u>Approving Forms of Ballots, Distribution Thereof</u>. The Ballot, substantially in the form annexed hereto as <u>Exhibit 2</u>, is hereby approved.

6

RLF1 3543107v.1

14. <u>Voting Deadline</u>. For a Ballot to be counted, the original Ballot must be properly executed, completed, delivered to, and received by the Voting Agent on or before March 30, 2010 at 4:00 p.m. (prevailing Eastern time) (the "<u>Voting Deadline</u>").

15. No later than 15 days prior to the Voting Deadline, the Debtor shall file the proposed Liquidating Trust Agreement with the Court.

16. <u>Appointment of Delaware Claims Agency, LLC as Voting Agent</u>. Delaware Claims Agency, LLC is authorized to perform all Balloting Services and all services incidental thereto.

17. <u>Ballot Tabulation</u>. All original Ballots must be delivered to the Voting Agent by first class mail postage prepaid in the return envelope provided with the Ballot, by personal delivery, or by overnight courier, addressed to the address set forth on such Ballot.

18. If, for purposes of voting on the Plan, (a) any party wishes to have its Claim allowed in a manner that is inconsistent with the Ballot it received; or (b) any party that did not receive a Ballot wishes to have its Claim temporarily allowed for voting purposes only, such party must serve on the Debtor and file with the Court, on or before the later of (i) fifteen (15) days after service of the Confirmation Hearing Notice (defined below) or (ii) fifteen (15) days after the date of service of notice of objection on such party to any of such party's underlying claims, a motion for an order pursuant to Bankruptcy Rule 3018(a) temporarily allowing such Claim for purposes of voting (a "<u>3018 Motion</u>"). A 3018 Motion must set forth with particularity the amount and classification such party believes its Claim should be allowed for voting purposes, and supporting evidence.

19. In respect of any timely-filed 3018 Motion, the Ballot in question shall be counted (a) in the amount established by the Court in an order entered on or before the Voting Deadline

7

or (b) if such an order has not been entered by the Voting Deadline and unless the Debtor and the party have come to an agreement as to the relief requested in the 3018 Motion, in an amount equal to the preprinted amount on the Ballot or in the event a party did not receive a Ballot, such party shall not have a Ballot counted at all. The Court shall hear any timely-filed 3018 motion on _____, 20\_\_ at \_\_:\_\_.m (prevailing Eastern time).

20. Unless a 3018 motion is timely-filed in accordance with the procedures set forth above, if a Claim in the Voting Class is identified as contingent, unliquidated, or disputed, or if a Claim is otherwise deemed disputed under the Plan, such Claim shall be temporarily allowed for voting purposes only, and not for purposes of allowance or distribution, at $1.00.

21. Except as otherwise provided by the express terms of this Order, any Ballot received after the Voting Deadline shall not be counted.

22. If a party casts more than one Ballot voting the same Claim(s) before the Voting Deadline, the last Ballot received before the Voting Deadline shall be deemed to reflect the voter's intent and superseded any prior Ballots. If a holder of Claims casts Ballots that are received by the Voting Agent on the same day, but which are voted inconsistently, such Ballots shall not be counted.

23. Creditors with multiple Claims within a particular Class under the Plan shall vote all of their Claims within such Class either to accept or reject the Plan and may not split their vote(s). Accordingly, an individual Ballot that partially rejects and partially accepts the Plan shall not be counted. On account of this, to the extent that a party asserts numerous Claims in the voting Class against the Debtor, each such party shall be allowed only one (1) vote for that Class, and only be allowed to submit a single Ballot representing its vote to accept or reject the

8

RLF1 3543107v.1

or (b) if such an order has not been entered by the Voting Deadline and unless the Debtor and the party have come to an agreement as to the relief requested in the 3018 Motion, in an amount equal to the preprinted amount on the Ballot or in the event a party did not receive a Ballot, such party shall not have a Ballot counted at all. The Court shall hear any timely-filed 3018 motion on _____, 20\_\_ at \_\_:\_\_.m (prevailing Eastern time).

20. Unless a 3018 motion is timely-filed in accordance with the procedures set forth above, if a Claim in the Voting Class is identified as contingent, unliquidated, or disputed, or if a Claim is otherwise deemed disputed under the Plan, such Claim shall be temporarily allowed for voting purposes only, and not for purposes of allowance or distribution, at $1.00.

21. Except as otherwise provided by the express terms of this Order, any Ballot received after the Voting Deadline shall not be counted.

22. If a party casts more than one Ballot voting the same Claim(s) before the Voting Deadline, the last Ballot received before the Voting Deadline shall be deemed to reflect the voter's intent and superseded any prior Ballots. If a holder of Claims casts Ballots that are received by the Voting Agent on the same day, but which are voted inconsistently, such Ballots shall not be counted.

23. Creditors with multiple Claims within a particular Class under the Plan shall vote all of their Claims within such Class either to accept or reject the Plan and may not split their vote(s). Accordingly, an individual Ballot that partially rejects and partially accepts the Plan shall not be counted. On account of this, to the extent that a party asserts numerous Claims in the voting Class against the Debtor, each such party shall be allowed only one (1) vote for that Class, and only be allowed to submit a single Ballot representing its vote to accept or reject the

Plan. Notwithstanding the foregoing, a holder of Claims in more than one Voting Class under the Plan must submit a separate Ballot for each Class of Claims.

24. Holders of multiple Claims within a particular Class must vote all of their Claims within such Class to either accept or reject the Plan and may not split their vote(s).

25. In addition to the foregoing, the following types of Ballots will not be counted in determining whether the Plan has been accepted or rejected:

   (a) any Ballot that is otherwise properly completed, executed, and timely returned to the Voting Agent, but does not indicate an acceptance or rejection of the Plan, or that indicates both an acceptance and rejection of the Plan;

   (b) any Ballot received after the Voting Deadline, unless the Debtor extends or waives such deadline;

   (c) any Ballot containing a vote that this Court determines, after notice and a hearing, was not solicited or procured in good faith or in accordance with the provisions of the Bankruptcy Code;

   (d) any Ballot that is illegible or contains insufficient information to permit the identification of the claimant;

   (e) any Ballot cast by a person or entity that does not hold a Claim in a Voting Class;

   (f) any unsigned or non-original Ballot; and

   (g) any Ballot transmitted to the Voting Agent by facsimile or other electronic means.

26. In addition, the following voting procedures and standard assumptions shall be used in tabulating the Ballots:

   (a) The method of delivery of Ballots to be sent to the Voting Agent is at the election and risk of each creditor, but such delivery will be deemed made only when the original, executed Ballot is actually received by the Voting Agent;

   (b) The Debtor, in its sole discretion, subject to contrary order of the Court, may waive any defect in any Ballot at any time including failure to timely file such Ballot, either before or after the Voting Deadline, and without notice or further order of the Court. Notwithstanding the foregoing and

9

    except as provided below, the Debtor may, in its sole discretion, reject any defective Ballot as invalid and, therefore, decline to utilize it in connection with confirmation of the Plan;

  (c) After the Voting Deadline, no vote may be withdrawn or modified without the prior consent of the Debtor;

  (d) Subject to any contrary order of the Court, the Debtor reserves the absolute right to reject any and all Ballots not proper in form;

  (e) Unless waived by the Debtor or as ordered by the Court, any defects or irregularities in connection with deliveries of Ballots must be cured within such time as the Debtor (or the Court) determines, and unless otherwise ordered by the Court, delivery of such ballots will not be deemed to have been made until such irregularities have been cured or waived; and

  (f) None of the Debtor, the Voting Agent or any other person or entity, will be under any duty to provide notification of defects or irregularities with respect to deliveries of Ballots, nor will any of them incur any liabilities for failure to provide such notification. Ballots previously furnished (and as to which any irregularities have not theretofore been cured or waived) will not be counted.

27. Except as otherwise provided herein, each holder of a Claim in the Voting Class shall be entitled to vote the amount of such Claim as is held as of the Record Date.

28. <u>Plan Confirmation</u>. The Confirmation Hearing shall be held before this Court on April 6, 2010 at 11:30 a.m. (prevailing Eastern time) (the "<u>Confirmation Hearing</u>"), to consider confirmation of the Plan. The Confirmation Hearing may be continued from time to time by the Court without further notice.

29. Objections, if any, to confirmation of the Plan shall: (i) be made in writing; (ii) conform to the Bankruptcy Rules and Local Rules; (iii) state the name and address of the objecting party and the amount and nature of the Claim or interest of such party; (iv) state with particularity the legal and factual basis and nature of any objection to the Plan and, if practicable, provide a proposed modification to the Plan that would resolve such objections; and (v) be filed with the Court, together with proof of service, and served so that they are received on or before

March 30, 2010 at 4:00 p.m. (prevailing Eastern time) (the "Plan Objection Deadline") by the following parties: (i) counsel for the Debtor: Richards, Layton & Finger, P.A., One Rodney Square, 920 North Market Street, Wilmington, Delaware 19801 (Attn: John H. Knight, Esq.); Fulbright & Jaworski L.L.P., 666 Fifth Ave., New York, New York 10103 (Attn: David L. Barrack, Esq.); (ii) counsel for the Official Committee of Unsecured Creditors: Potter Anderson & Corroon LLP, 1313 North Market Street, P.O. Box 951, Wilmington, Delaware 19899 (Attn: Jeremy W. Ryan, Esq.) and Olshan Grundman Frome Rosenzweig & Wolosky LLP, Park Avenue Tower, 65 East 55th Street, New York, New York 10022 (Attn: Adam H. Friedman, Esq.); and (iii) the United States Trustee, J. Caleb Boggs Federal Building, 844 King Street, Suite 2207, Lock Box 35, Wilmington, DE 19801.

30. The Court shall consider only timely filed written objections. All objections not timely filed and served in accordance herewith by the Plan Objection Deadline shall be deemed overruled.

31. The Debtor may file a reply to any timely-filed objections to the Plan by no later than 4:00 p.m. (prevailing Eastern time) April 5, 2010 at Noon.

32. The Confirmation Hearing Notice and the Publication Notice, substantially in the forms annexed hereto as Exhibits 3 and 4, are approved in all respects. The Confirmation Notice shall be sent contemporaneously with the Solicitation Packages. In addition, the Debtor shall publish the Publication Notice, on one occasion, at least twenty-five (25) days prior to the Plan Objection Deadline, in the National Edition of the *USA Today* or similar national newspaper. The scope of such notice[s] is adequate and provides all known and unknown claimants with good and sufficient notice of the Confirmation Hearing.

11

33. As it relates to the subject matter of this Order, the Debtor is authorized to make any non-substantive changes to the voting procedures, Ballots, Plan, Disclosure Statement, Notices of Unimpaired Non-Voting Status, the Notice of the Disclosure Statement Hearing, and/or forms of the mailed and published notices of the Confirmation Hearing, without further order of this Court, including, without limitation, changes to correct typographical, grammatical, formatting errors or omissions, prior to the mailing or re-mailing to parties-in-interest.

34. The Debtor is authorized to take or refrain from taking any action necessary or appropriate to implement the terms of and the relief granted in this Order without seeking further order of the Court.

35. Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 7062, 9014 or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

36. This Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: 3/1, 2010
Wilmington, Delaware

THE HONORABLE CHRISTOPHER S. SONTCHI
UNITED STATES BANKRUPTCY JUDGE

RLF1 3543107v.1