# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

-------------------------------------------------------x
:
*In re:*                  :    Chapter 11
:
**VION PHARMACEUTICALS, INC.,**    :    Case No. 09-14429 (CSS)
:
Debtor.[1]              :
:
-------------------------------------------------------x

---

## DEBTOR'S SECOND AMENDED CHAPTER 11 PLAN OF LIQUIDATION

---

**RICHARDS, LAYTON & FINGER, P.A.**
John H. Knight, Esq. (No. 3848)
Christopher M. Samis, Esq. (No. 4909)
Julie A. Finocchiaro, Esq. (No. 5303)
One Rodney Square, 920 North King Street
Wilmington, Delaware 19801
Telephone:    (302) 651-7700
Facsimile:    (302) 651-7701

-and-

**FULBRIGHT & JAWORSKI L.L.P.**
Paul Jacobs, Esq.
Merrill M. Kraines, Esq.
David L. Barrack, Esq.
666 Fifth Avenue
New York, New York 10103
Telephone:    (212) 318-3000
Facsimile:    (212) 318-3400

Dated: April 1, 2010          *Counsel to the Debtor and Debtor-in-Possession*

---

[1] The Debtor in this case, along with the last four digits of the federal tax identification number for the Debtor, is Vion Pharmaceuticals, Inc. (1221). The Debtor's corporate offices are located at 4 Science Park, New Haven, Connecticut 06511.

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

--------------------------------------------------------x
                                       :

| | |
|---|---|
| *In re:* | Chapter 11 |
| **VION PHARMACEUTICALS, INC.,** | Case No. 09-14429 (CSS) |
| Debtor.[1] | |

--------------------------------------------------------x

## DEBTOR'S CHAPTER 11 PLAN OF LIQUIDATION

## INTRODUCTION

Vion Pharmaceuticals, Inc., the debtor and debtor-in-possession in the above-captioned chapter 11 case (the "Debtor" or "Vion"), proposes this Chapter 11 Plan of Liquidation (the "Plan") pursuant to the provisions of the Bankruptcy Code.

The Plan effects a transfer of all of the Debtor's Assets and liabilities into the newly formed Vion Liquidating Trust created for the purposes, among others, of making distributions to the Holders of Allowed Claims, pursuing Causes of Action, and otherwise completing the liquidation of the Estate, all as more fully set forth in this Plan.

---

[1] The Debtor in this case, along with the last four digits of the federal tax identification number for the Debtor, is Vion Pharmaceuticals, Inc. (1221). The Debtor's corporate offices are located at 4 Science Park, New Haven, Connecticut 06511.

# ARTICLE I

## DEFINITIONS

**A.  Defined Terms**

Unless otherwise provided in this Plan, all terms used herein shall have the meanings ascribed to such terms in the Bankruptcy Code or the Federal Rules of Bankruptcy Procedure.  For the purposes of this Plan, the following terms (which appear in this Plan in capitalized form) shall have the meanings set forth below, and such meanings shall be equally applicable to the singular and to the plural form of the terms defined, unless the context otherwise requires.

1.      **"ACH"** shall mean an automated clearing house transfer from a domestic bank.

2.      **"Administrative Claim"** shall mean any Claim for costs and expenses of administration of this Chapter 11 Case with priority under Bankruptcy Code § 507(a)(2), including, without limitation, costs and expenses allowed under Bankruptcy Code § 503(b), the actual and necessary costs and expenses of preserving the Estate of the Debtor, any Claim arising under Bankruptcy Code § 503(b)(9), any claim relating to the right of reclamation to the extent afforded such priority under the Bankruptcy Code, any Professional Fee Claims, the Indenture Trustee Fee, and any fees or charges assessed against the Estate of the Debtor under 28 U.S.C. § 1930.

3.      **"Administrative Expense Request"** shall mean a request or motion for payment of an Administrative Claim.

4.      **"Administrative Expense Request Deadline"** shall mean the date set as the deadline for filing Administrative Expense Requests for Administrative Claims, which shall

RLF1 3534070v.13

be twenty (20) days after the Effective Date, excluding Professional Fee Claims and any fees or charges asserted against the Estate of the Debtor under 28 U.S.C. § 1930.

5. **"Administrative Fund"** shall mean the reserve established for the Post-Confirmation Expenses in accordance with Article IV.E herein, which reserve may be augmented by the Liquidating Trustee in consultation with and at the direction of the Trust Oversight Committee.

6. **"Allowed Claim"** shall mean a Claim: (i) that has been Scheduled and (a) is not Scheduled as disputed, contingent or unliquidated and (b) as to which no Proof of Claim has been filed; (ii) as to which a timely Proof of Claim has been filed as of the relevant Bar Date and (x) no objection thereto, or motion to subordinate, disallow or otherwise limit recovery, has been made, and (y) the Liquidating Trustee has determined that no objection, or motion to subordinate, disallow or otherwise limit recovery, will be made to such Claim; (iii) as to which a timely Administrative Expense Request has been filed and (x) no objection thereto, or application to equitably subordinate or otherwise limit recovery has been made, and (y) the Liquidating Trustee has determined that no objection, or application to equitably subordinate or otherwise limit recovery, will be made to such Administrative Expense Request; or (iv) that has been allowed by a Final Order. An Allowed Claim shall not include interest on the amount of any Claim except with respect to an Allowed Secured Claim as permitted by Bankruptcy Code § 506(b) or as specifically provided in this Plan, or by Final Order of the Bankruptcy Court. If the Liquidating Trustee shall object to any Claim in accordance with Bankruptcy Code § 502(d), such Claim shall not be an Allowed Claim until the avoidable transfer is returned, a Final Order has been entered that no avoidable transfer exists, or an agreement or settlement is reached that is approved by the Bankruptcy Court or pursuant to provisions in the Plan.

-3-

7.     **"Allowed [_____] Claim"** shall mean an Allowed Claim of a specified Class or an Allowed Claim that is an Administrative Claim, Priority Tax Claim, Priority Claim, Secured Claim, Unsecured Claim or Interest Related Claim, as the case may be.

8.     **"Assets"** shall mean all assets of the Debtor, of any nature whatsoever, including, without limitation, all property of the Estate under and pursuant to Bankruptcy Code § 541; Cash; Causes of Action, including Avoidance Actions; rights; interests; and property, real and personal, tangible and intangible.

9.     **"Assumption Objection Deadline"** shall mean the date four (4) days prior to the Confirmation Hearing.

10.     **"Assumption Schedule"** shall mean the schedule of Executory Contracts (not previously assumed in the Chapter 11 Case) to be assumed by the Debtor as of the Effective Date pursuant to this Plan, together with the amount of cure payments, if any, to be paid by the Liquidating Trustee from the Assets in accordance with Bankruptcy Code § 365(b)(1).

11.     **"Avoidance Action(s)"** shall mean all claims and Causes of Action arising under chapter 5 of the Bankruptcy Code.

12.     **"Bankruptcy Code"** shall mean title 11 of the United States Code, 11 U.S.C. §§ 101-1532, as applicable to the Chapter 11 Case, as in effect on the Petition Date.

13.     **"Bankruptcy Court"** shall mean the United States District Court for the District of Delaware with jurisdiction over the Chapter 11 Case and, to the extent of any reference made pursuant to 28 U.S.C. § 157, the United States Bankruptcy Court for the District of Delaware, or any court having competent jurisdiction to enter the Confirmation Order.

RLF1 3534070v.13

14.     **"Bankruptcy Rules"** shall mean the Federal Rules of Bankruptcy Procedure effective in accordance with the provisions of 28 U.S.C. § 2075, as the same shall from time to time be amended.

15.     **"Bar Date"** shall mean (i) April 20, 2010, and (ii) such other date(s) fixed by order(s) of the Bankruptcy Court, by which all Persons, including governmental units, asserting a Claim against the Debtor, must have filed a Proof of Claim or Administrative Expense Request or be forever barred from asserting such Claim.

16.     **"Bar Date Order"** shall mean that certain order of the Bankruptcy Court dated as of March 1, 2010 [Docket No. 131], establishing the April 20, 2010 Bar Date for filing Proofs of Claim, with only those exceptions permitted thereby.

17.     **"Business Day"** shall mean a day (i) other than Saturday, Sunday, a legal holiday or other day on which commercial banks in the State of Delaware are authorized or required by law to close and (ii) as further defined in Bankruptcy Rule 9006(a).

18.     **"Cash"** shall mean cash and cash equivalents in certified or immediately available funds, including, but not limited to, bank deposits, checks and similar items.

19.     **"Causes of Action"** shall mean all claims as defined in section 101(5) of the Bankruptcy Code, causes of action, third-party claims, counterclaims and crossclaims (including, but not limited to, any and all alter ego or derivative claims and any Causes of Action described in the Disclosure Statement) of the Debtor and/or its Estate that are pending on the Effective Date or may be instituted after the Effective Date against any Person.

20.     **"Chapter 11 Case"** shall mean the above-captioned chapter 11 case of the Debtor pending in the Bankruptcy Court under Case No. 09-14429 (CSS).

RLF1 3534070v.13

21. **"Claims"** shall mean any claim(s) against the Debtor as such term is defined in Bankruptcy Code § 101(5).

22. **"Class"** shall mean each class of Holders of Claims or Interests specified in Article II.A of this Plan.

23. **"Common Stock"** shall mean the common stock of the Debtor.

24. **"Committee"** shall mean the Official Committee of Unsecured Creditors of the Debtor appointed by the United States Trustee in the Chapter 11 Case, as its composition may change from time to time.

25. **"Confirmation Date"** shall mean the date on which the Confirmation Order is entered on the docket in the Chapter 11 Case by the Bankruptcy Court.

26. **"Confirmation Hearing"** shall mean the hearing at which the Bankruptcy Court considers confirmation of this Plan.

27. **"Confirmation Order"** shall mean the order of the Bankruptcy Court confirming this Plan, pursuant to Bankruptcy Code § 1129, and approving the transactions contemplated herein.

28. **"Creditor"** shall have the meaning in Bankruptcy Code § 101(10).

29. **"Debtor"** shall mean Vion Pharmaceuticals, Inc.

30. **"Disallowed Claim"** shall mean a Claim or any portion thereof that (i) has been disallowed by a Final Order, (ii) is Scheduled as zero or as contingent, disputed or unliquidated and as to which no Proof of Claim or Administrative Expense Request has been timely filed or deemed timely filed with the Bankruptcy Court, (iii) is not Scheduled and as to which no Proof of Claim or Administrative Expense Request has been timely filed or deemed timely filed with the Bankruptcy Court pursuant to either the Bankruptcy Code or any order of

RLF1 3534070v.13

the Bankruptcy Court or otherwise deemed timely filed under applicable law or this Plan, (iv) has been withdrawn by agreement of the Debtor or the Vion Liquidating Trust and the Holder thereof, or (v) has been withdrawn by the Holder thereof.

31. **"Disbursing Agent"** shall mean the Liquidating Trustee and/or the Indenture Trustee, unless another Person is designated to be the Disbursing Agent by the Trust Oversight Committee pursuant to Article VI.

32. **"Distribution Record Date"** shall mean the Confirmation Date.

33. **"Disclosure Statement"** shall mean the Disclosure Statement dated February 9, 2010, related to this Plan, and all exhibits thereto, filed pursuant to Bankruptcy Code § 1125 and approved by the Bankruptcy Court.

34. **"Disputed Claim"** shall mean a Claim or any portion thereof that is neither an Allowed Claim nor a Disallowed Claim, including, without limitation, all Claims that (i) have not been Scheduled by the Debtor or have been Scheduled as unknown, contingent, unliquidated, disputed or at zero, whether or not such Claims are the subject of a Proof of Claim in the Bankruptcy Court, or (ii) are the subject of an objection filed with the Bankruptcy Court, which has not been withdrawn or overruled by a Final Order of the Bankruptcy Court; provided, however, that a Claim shall not be a Disputed Claim to the extent it becomes an Allowed Claim or a Disallowed Claim.

35. **"Distributable Cash"** shall mean all remaining available Cash after (i) payment of the Allowed Administrative Claims, Allowed Secured Claims, Allowed Priority Claims and Allowed Priority Tax Claims, and (ii) retention of amounts needed to pay or reserve for anticipated amounts of Post-Confirmation Expenses and Disputed Claims.

RLF1 3534070v.13

36.     **"Effective Date"** shall mean the day after the Confirmation Order has become a Final Order.

37.     **"Estate"** shall mean the Estate of the Debtor created by Bankruptcy Code § 541.

38.     **"Executory Contract"** shall mean any executory contract or unexpired lease subject to Bankruptcy Code § 365, between the Debtor and any other Person.

39.     **"Face Amount"** shall mean (i) when used in reference to a Disputed or Disallowed Claim, the full stated liquidated amount claimed by the Holder of such Claim in any Proof of Claim timely filed with the Bankruptcy Court or otherwise deemed timely filed by any Final Order of the Bankruptcy Court or other applicable bankruptcy law, and (ii) when used in reference to an Allowed Claim, the allowed amount of such Claim.

40.     **"Federal Judgment Rate"** shall mean the rate applied to judgments of the courts affected by the provisions of 28 U.S.C. § 1961, 18 U.S.C. § 3612, and 40 U.S.C. § 258(e)(1) and calculated in the manner prescribed therein.

41.     **"Final Decree"** shall mean the decree contemplated under Bankruptcy Rule 3022.

42.     **"Final Order"** shall mean an order or judgment of the Bankruptcy Court as entered on the docket of the Chapter 11 Case that has not been reversed, stayed, modified or amended and as to which the time to appeal, petition for certiorari, or seek reargument or rehearing has run or as to which any right to appeal, reargue, petition for certiorari or seek rehearing has been waived in writing or, if an appeal, reargument, petition for certiorari or rehearing thereof has been pursued or granted then such an appeal, reargument, petition for certiorari or rehearing has been denied, and the time to take any further appeal or to seek

-8-

certiorari or further reargument or rehearing has expired. Notwithstanding, and in lieu of the foregoing, insofar as the Confirmation Order confirming this Plan is concerned, Final Order means such order or judgment with respect to which no stay is in effect.

43.     **"General Unsecured Claim"** shall mean any Claim that is not an Administrative Claim, Secured Claim, Priority Claim, Priority Tax Claim or Interest Related Claim.

44.     **"Holder"** shall mean the owner or Holder of any Claim or Interest.

45.     **"Impaired"** shall have the meaning set forth in Bankruptcy Code § 1124.

46.     **"Indenture"** shall mean the Debtor's indenture with the U.S. Bank National Association, dated February 20, 2007 relating to the Notes.

47.     **"Indenture Trustee"** shall mean the U.S. Bank, National Association, in its capacity as indenture trustee under the Notes.

48.     **"Indenture Trustee Charging Lien"** shall mean any Lien or other priority in payment arising prior to the Effective Date to which the Indenture Trustee is entitled, pursuant to the Indenture, against distributions to be made to Holders of Notes Claims for payment of any Indenture Trustee Fee.

49.     **"Indenture Trustee Fee"** shall mean the reasonable compensation, fees, expenses, disbursements and indemnity claims, including, without limitation, attorneys' and agents' fees, expenses and disbursements, incurred by the Indenture Trustee, whether prior to or after the Petition Date and whether prior to or after the consummation of the Plan

50.     **"Initial Distribution"** shall mean the first date on which the Disbursing Agent remits payment on any Allowed Claims to Holders of Class 3 Claims pursuant to the terms of the Plan.

RLF1 3534070v.13

51. **"Interest"** shall mean, with respect to the Debtor, any "equity interest" as such term is defined in Bankruptcy Code § 101(16). Interest shall also include, without limitation, all stock, partnership, membership interest, warrants, options or other rights to purchase or acquire any shares of stock in the Debtor.

52. **"Interest Related Claim"** shall mean any Claim, including pursuant to Bankruptcy Code § 510(b), against the Debtor arising from the purchase or sale of an Interest in the Debtor, or any Claim against the Debtor by an entity that asserts equitable or contractual rights of reimbursement, contribution or indemnification arising from such Claim.

53. **"IRS"** shall mean the Internal Revenue Service.

54. **"Lien"** shall mean any lien, mortgage, charge, security interest, pledge or other encumbrance against or interest in property to secure payment or performance of a claim, debt or litigation.

55. **"Liquidating Trust Agreement"** shall mean that trust agreement for the Vion Liquidating Trust which shall be filed with a plan supplement to be filed prior to the Confirmation Hearing.

56. **"Liquidating Trustee"** shall mean that Person appointed by the Committee, in consultation with the Debtor, by written notice filed with the Bankruptcy Court not later than ten (10) days prior to the Confirmation Hearing, to act as the trustee of the Vion Liquidating Trust or any of his, her or its successors.

57. **"Note Claim"** shall mean a Claim arising under the Notes.

58. **"Notes"** shall mean the $60,000,000 in original principal amount of 7.75% Convertible Senior Notes due 2012, issued by the Debtor under the Indenture.

RLF1 3534070v.13

59. **"Organization Documents"** shall mean any certificate filed with the Secretary of State prior to the Effective Date, including any certificate of incorporation, and any amendments or restatements thereto, and the bylaws and any amendments and restatements thereto, of the Debtor.

60. **"Person"** shall mean any individual, corporation, limited liability company, general partnership, limited partnership, limited liability partnership, association, joint stock company, joint venture, estate, trust, unincorporated organization, government or any political subdivision thereof or other entity.

61. **"Petition Date"** shall mean December 17, 2009, the date the Debtor commenced the Chapter 11 Case.

62. **"Plan"** shall mean this Chapter 11 Plan of Liquidation (as the same may be modified or amended by the Debtor in accordance with the Bankruptcy Code, the Bankruptcy Rules and other applicable law) and any exhibits hereto and any documents incorporated herein by reference.

63. **"Post-Confirmation Debtor"** shall mean the Debtor after the Effective Date. Where the context so requires, Post-Confirmation Debtor shall include the Estate and/or the Liquidating Trustee.

64. **"Post-Confirmation Expense"** shall mean any fees, costs and expenses (including, without limitation, United States Trustee fees, Liquidating Trustee fees, Disbursing Agent fees, attorneys' fees, the fees of other professionals, and any taxes imposed on the Vion Liquidating Trust or in respect of its Assets) necessary to complete the liquidation and winding up of the Debtor, its Estate and the Vion Liquidating Trust after the Effective Date.

RLF1 3534070v.13

65. **"Priority Claim"** shall mean a Claim entitled to priority pursuant to Bankruptcy Code § 507 that is not an Administrative Claim or a Priority Tax Claim.

66. **"Priority Tax Claim"** shall mean a Claim of the kind specified in Bankruptcy Code § 507(a)(8) or a tax Claim afforded secured status pursuant to Bankruptcy Code § 506.

67. **"Professional"** shall mean a Person (i) employed by the Debtor and/or the Committee pursuant to a Final Order in accordance with Bankruptcy Code §§ 327 and 1103 and to be compensated for services rendered prior to the Effective Date pursuant to Bankruptcy Code §§ 327, 328, 329, 330 and 331, or (ii) for which compensation and reimbursement has been Allowed by the Bankruptcy Court pursuant to Bankruptcy Code § 503(b)(4) by a Final Order. This term excludes professionals that may be selected and employed by the Liquidating Trustee, the Vion Liquidating Trust or the Trust Oversight Committee on and after the Effective Date.

68. **"Professional Fee Claim"** shall mean all fees and expenses claimed by Professionals which remain unpaid as of the Effective Date.

69. **"Proof of Claim"** shall mean a proof of claim filed in the Chapter 11 Case pursuant to Bankruptcy Code § 501 and/or any order of the Bankruptcy Court, together with supporting documents.

70. **"Pro Rata"** shall mean the proportion that the Face Amount of a Claim in a particular Class or Classes bears to the aggregate Face Amount of all Claims (including Disputed Claims, but excluding Disallowed Claims) in such Class or Classes, unless this Plan provides otherwise.

71. **"Protected Party"** shall mean any of the Debtor, the Indenture Trustee, the Liquidating Trustee, the Estate, the Vion Liquidating Trust, the Committee and the Trust

-12-

Oversight Committee and their respective officers, directors, managers, employees, members, shareholders, advisors, attorneys, representatives, professionals and other agents as of the Confirmation Date.

72. **"Reclamation Right"** shall mean the right of a Creditor to reclaim goods sold to, and received by, the Debtor in the ordinary course of business as set forth in Bankruptcy Code § 546(c) and excluding any Administrative Claim arising under Bankruptcy Code § 503(b)(9).

73. **"Scheduled,"** with respect to any Claim, shall mean listed on the Schedules.

74. **"Schedules"** shall mean the Statements of Financial Affairs and Schedules of Assets and Liabilities filed by the Debtor with the Bankruptcy Court in the Chapter 11 Case under Bankruptcy Rule 1007, as such Statements of Financial Affairs and Schedules of Assets and Liabilities have been or may be amended or supplemented from time to time.

75. **"Secretary of State"** shall mean the Secretary of State of the State of Delaware.

76. **"Secured Claim"** shall mean, pursuant to Bankruptcy Code § 506, that portion of a Claim that is (i) secured by a valid, perfected and enforceable security interest, Lien, mortgage or other encumbrance, which is not subject to avoidance under applicable bankruptcy or non-bankruptcy law, in or upon any right, title or interest of the Debtor(s) in and to property of the Estate, to the extent of the value of the Holder's interest in such property as of the relevant determination date; or (ii) Allowed as such pursuant to the terms of this Plan. The defined term "Secured Claim" includes (i) any Claim that is subject to an offset right under applicable law and (ii) any secured claim against the Debtor pursuant to Bankruptcy Code §§ 506(a) and 553.

RLF1 3534070v.13

77.  **"Trust Oversight Committee"** shall mean the trust oversight committee of Creditors formed on the Effective Date upon the dissolution of the Committee and composed of the existing members of the Committee willing to serve or such other creditors as selected by the Committee and identified in a plan supplement to be filed prior to the Confirmation Hearing or identified by the Trust Oversight Committee pursuant to the terms of the Liquidating Trust Agreement, as applicable.

78.  *"***Voting Deadline***"* means March 30, 2010 at 4:00 p.m. prevailing Eastern Time for all Holders of Claims, which is the date and time by which all votes must be received in accordance with the procedures set forth in the Disclosure Statement Order, or such other date and time as may be established by the Bankruptcy Court.

79.  **"Vion Liquidating Trust"** shall mean the Delaware common law trust, which shall also be treated as a grantor trust and as described more fully in Article IV.B of this Plan.

**B.  Other Terms**

The words "herein," "hereof," "hereto," "hereunder" and others of similar import refer to this Plan as a whole and not to any particular article, section or clause contained in this Plan. A reference to an "Article" refers to an Article, or referenced portion thereof, of this Plan. A term used herein that is not defined herein shall have the meaning ascribed to that term, if any, in or by the Bankruptcy Code. The rules of construction set forth in Bankruptcy Code § 102 shall apply in constructing this Plan.

**C.  Exhibits**

All Exhibits to this Plan are incorporated by reference into and are made a part of this Plan as if set forth in full herein.

RLF1 3534070v.13

# ARTICLE II

## CLASSIFICATION AND TREATMENT OF CLAIMS

### A.     Classification

The classification of Claims (except for Administrative Claims and Priority Tax Claims) and Interests listed below is for all purposes, including, without limitation, voting, confirmation and distributions under this Plan and under Bankruptcy Code §§ 1122 and 1123(a)(1). Consistent with section 1122 of the Bankruptcy Code, a Claim or Interest shall be deemed classified by the Plan in a particular Class only to the extent such Claim or Interest satisfies the definition of such Class and shall be deemed classified in a different Class to the extent any remainder or other portion of such Claim or Interest satisfies the definition of such different Class. A Claim is in a particular Class only to the extent such Claim has not been paid or otherwise settled before the Effective Date. NO RELIANCE SHOULD BE PLACED ON THE FACT THAT A PARTICULAR CLAIM OR INTEREST IS CLASSIFIED IN A CERTAIN CLASS FOR VOTING PURPOSES. THE LIQUIDATING TRUSTEE MAY SEEK TO INVESTIGATE, FILE AND PROSECUTE CLAIMS AND MAY OBJECT TO CLAIMS OR INTERESTS AFTER THE CONFIRMATION OR EFFECTIVE DATE OF THE PLAN IRRESPECTIVE OF WHETHER A CLAIM IS CLASSIFIED IN A CERTAIN CLASS. The classification of Claims and Interests pursuant to this Plan is as follows:

| CLASS | STATUS | VOTING RIGHTS |
|---|---|---|
| Class 1: Priority Claims | Not Impaired | Not Entitled to Vote |
| Class 2: Secured Claims | Not Impaired | Not Entitled to Vote |
| Class 3: General Unsecured Claims | Impaired | Entitled to Vote |
| Class 4: Interests and Interest Related Claims | Impaired | Not Entitled to Vote |

RLF1 3534070v.13

## B. Unclassified Claims: Administrative Claims and Priority Tax Claims

As provided in Bankruptcy Code § 1123(a)(1), Administrative Claims and Priority Tax Claims shall not be classified for the purposes of voting or receiving distributions under this Plan. Rather, all such Claims shall be treated separately as unclassified Claims on the terms set forth in this Article II.B.

### 1. Administrative Claims

#### a. Non-Professional Fee Claims

The Liquidating Trustee shall pay each Holder of an Allowed Administrative Claim (excluding Professional Fee Claims) the full amount of such Allowed Administrative Claim, without interest, in Cash, as soon as practicable after the later of the Effective Date or within 10 days after the date such Administrative Claim becomes an Allowed Claim. Notwithstanding anything herein to the contrary, a Holder of an Allowed Administrative Claim may be paid on such other date or dates and upon such other less favorable terms as may be agreed upon by such Holder and the Liquidating Trustee. Without limiting the foregoing, all outstanding fees payable to the Office of the United States Trustee under 28 U.S.C. § 1930 that have not been paid as of the Effective Date shall be paid by the Liquidating Trustee no later than thirty (30) days after the Effective Date or when due in the ordinary course.

#### b. Professional Fee Claims

The Liquidating Trustee shall pay Professionals who are entitled to reimbursement or allowance of fees and expenses from the Debtor's Estate pursuant to Bankruptcy Code §§ 503(b)(2) - (b)(6), in Cash, in the amount awarded to such Professionals by Final Order of the Bankruptcy Court, as soon as practicable after the later of the Effective Date and the date upon which any order awarding fees and expenses becomes a Final Order, in accordance with the terms of any order entered by the Bankruptcy Court governing the payment

-16-

of fees and expenses during the course of the Chapter 11 Case, and after application of any retainer received by the Professionals.

Any final application for allowance of a Professional Fee Claim for services rendered and costs incurred through the Effective Date must be filed with the Bankruptcy Court and served on counsel for the Debtor, counsel for the Vion Liquidating Trust and the Liquidating Trustee, and counsel for the Committee at the addresses listed in Article IX.N of this Plan as well as on the Office of the United States Trustee so that it is received no later than forty-five (45) days after the Effective Date, or such Professional Fee Claim shall be forever barred and shall not be enforceable against the Debtor, its Estate, the Vion Liquidating Trust, the Liquidating Trustee and their successors, their assigns or their Assets. Allowed Professional Fee Claims must be paid in full and Professional Fee Claims pending allowance by the Bankruptcy Court must be reserved for in full prior to any payment to Holders of Allowed Claims in Class 3 (General Unsecured Claims).

c. **Administrative Claims and Second Administrative Expense Request Deadline**

Each Holder of an Administrative Claim (excluding Professional Fee Claims and the Indenture Trustee Fee Claim) must file an Administrative Expense Request requesting payment of such Administrative Claim with the Bankruptcy Court by the Administrative Expense Request Deadline; provided, however, that any such Administrative Expense Request need not be filed with a hearing date.

2. **Priority Tax Claims**

The Liquidating Trustee shall pay each Holder of an Allowed Priority Tax Claim in full, in Cash, as soon as practicable after the later of the Effective Date or 10 days after the date such Priority Tax Claim becomes an Allowed Claim. All Allowed Priority Tax Claims

-17-

against the Debtor that are not due and payable on or before the Effective Date shall be paid in the ordinary course of business in accordance with the terms thereof. The Liquidating Trustee can prepay any Allowed Priority Tax Claim at any time after the Effective Date without any penalty or charge.

Holders of Allowed Priority Tax Claims will not be entitled to receive any payment on account of any penalty arising with respect to or in connection with such Claims. Any Claim for any such penalty, or demand for any such penalty, will be deemed disallowed by confirmation of this Plan.

**C.    Classes of Claims and Interests: Classification, Treatment and Voting Rights**

Holders of Claims and Interests are divided into Classes and treated as follows:

**1.    "Class 1" – Priority Claims – *Not Impaired***

**a.    Classification**

Class 1 consists of all Priority Claims.

**b.    Treatment**

The Disbursing Agent shall pay each Holder of an Allowed Class 1 Claim, in relative order of priority pursuant to Bankruptcy Code § 507, in full, in Cash, without interest, as soon as practicable after the later of the Effective Date or within 10 days after the date on which such Claim becomes an Allowed Claim.

**c.    Voting**

Class 1 is not Impaired. Holders of Claims in Class 1 are conclusively deemed to have accepted this Plan pursuant to Bankruptcy Code § 1126(f). Therefore, Holders of Claims in Class 1 are not entitled to vote to accept or reject this Plan.

-18-

2. **"Class 2" – Secured Claims –** *Not Impaired*

a. **Classification**

Class 2 consists of all Secured Claims.

b. **Treatment**

Each Holder of an Allowed Class 2 Claim shall, at the option of the Liquidating Trustee, subject to the consent of the Trust Oversight Committee, (i) have such Claim reinstated and rendered unimpaired in accordance with Bankruptcy Code § 1124(2), notwithstanding any contractual provision or applicable non-bankruptcy law that entitles such Holder to demand or to receive payment of such Claim prior to the stated maturity of same from and after the occurrence of a default; (ii) receive Cash in an amount equal to such Claim, in full and complete satisfaction of such Claim, on the later of the Initial Distribution Date under this Plan and the date such Claim becomes an Allowed Claim, or as soon thereafter as is practicable; or (iii) receive the collateral securing its Claim in full and complete satisfaction of such Claim on the later of the Initial Distribution Date under this Plan and the date such Claim becomes an Allowed Claim, or as soon thereafter as is practicable.

c. **Voting**

Class 2 is not Impaired. Holders of Class 2 Claims are conclusively deemed to have accepted this Plan pursuant to Bankruptcy Code § 1126(f). Therefore, Holders of Claims in Class 2 are not entitled to vote to accept or reject this Plan.

3. **"Class 3" – General Unsecured Claims –** *Impaired*

a. **Classification**

Class 3 consists of all General Unsecured Claims.

RLF1 3534070v.13

**b.      Treatment**

The Disbursing Agent shall distribute to each Holder of an Allowed Class 3 Claim its Pro Rata share of Distributable Cash, in accordance with Article VI hereof, until paid in full.

**c.      Voting**

Class 3 is Impaired.  Therefore, Holders of Class 3 Claims are entitled to vote to accept or reject this Plan.

**4.      "Class 4" – Interests and Interest Related Claims – _Impaired_**

**a.      Classification**

Class 4 consists of all Interests and Interest Related Claims.

**b.      Treatment**

Holders of Interests and Interest Related Claims in Class 4 will not receive a distribution or dividend on account of such Interests.

**c.      Voting**

Class 4 is Impaired and will receive no distributions or dividends under this Plan. Holders of Class 4 Interests and Interest Related Claims are conclusively deemed to have rejected this Plan pursuant to Bankruptcy Code § 1126(g).  Therefore, Holders of Class 4 Claims or Interests will not be entitled to vote to accept or reject this Plan.

## ARTICLE III

## ACCEPTANCE OR REJECTION OF THIS PLAN

**A.      Impaired Classes of Claims Entitled to Vote**

Except as otherwise provided in order(s) of the Bankruptcy Court pertaining to solicitation of votes on this Plan, Class 3 (General Unsecured Claims) shall be entitled to vote to accept or reject this Plan.  If and to the extent any Class identified as being not Impaired is

RLF1 3534070v.13

Impaired (whether as a result of the terms of this Plan or any modification or amendment thereto), such Class shall be entitled to vote to accept or reject this Plan.

**B.      Classes Deemed to Accept this Plan**

Class 1 (Priority Claims) and Class 2 (Secured Claims) are unimpaired by this Plan.  Pursuant to Bankruptcy Code § 1126(f), Classes 1 and 2 are conclusively presumed to have accepted this Plan, and the votes of Holders of Claims in Classes 1 and 2 will therefore not be solicited.

**C.      Classes Deemed to Reject this Plan**

Holders of Claims and Interests in Class 4 (Interests and Interest Related Claims Arising From Common Stock) are not entitled to receive any distribution under this Plan on account of such Claims and Interests.  Pursuant to Bankruptcy Code § 1126(g), Class 5 is Impaired and is conclusively presumed to have rejected this Plan; therefore, the votes of Holders of Claims and Interests in Class 5 will not be solicited.

**D.      Nonconsensual Confirmation**

If any Impaired Class fails to accept this Plan, the Debtor intends to request that the Bankruptcy Court confirm this Plan pursuant to Bankruptcy Code § 1129(b) with respect to that Class.

**ARTICLE IV**

**MEANS FOR IMPLEMENTATION OF THE PLAN**

**A.      Implementation of Plan**

The Debtor proposes to implement and consummate this Plan on and after the Effective Date.

RLF1 3534070v.13

## B. Formation of the Vion Liquidating Trust

Prior to the Effective Date, the Debtor shall continue to wind down its businesses subject to all applicable requirements of the Bankruptcy Code and the Bankruptcy Rules. This Plan contemplates the transfer of the Debtor's Assets and liabilities into the Vion Liquidating Trust.[2]

The Vion Liquidating Trust shall be established as a Delaware common law trust, which shall also be a grantor trust for the sole purpose of liquidating the Estate and making distributions to Holders of Allowed Claims and Interests, in accordance with this Plan and Treas. Reg. § 301.7701-4(d), with no objective to continue or engage in the conduct of a trade or business. Subject to definitive guidance from the IRS, all parties shall treat the Vion Liquidating Trust as a liquidating trust for all federal income tax purposes.

The Vion Liquidating Trust Agreement shall contain provisions customary to trust agreements utilized in comparable circumstances, including, but not limited to, any and all provisions necessary to govern the rights, powers, obligations and appointment and removal of

---

[2] The Debtor currently holds a license from the Nuclear Regulatory Commission ("NRC") to use, possess and store certain radioactive materials (NRC License No. 06-30271-01). The Debtor's license remains and will continue to remain in effect, pursuant to sections 81, 161, and 183 of the Atomic Energy Act of 1954, as amended (42 U.S.C. sections 2111, 2201, and 2233) and NRC's regulations at 10 CFR section 30.34 with respect to the possession, transfer, and storage of licensed radioactive material remaining in Debtor's possession, as contamination or in other forms, until the NRC notifies Debtor in writing that the license is terminated. Until the license is terminated, Debtor shall remain responsible for all regulatory requirements under the license, including those relating to security and control of licensed radioactive material, decontamination and decommissioning of contaminated facilities, and retention of personnel required by the license conditions. Pursuant to 10 CFR 30.34, the Debtor shall not transfer, assign, or dispose of its license or the licensed radioactive material to the Vion Liquidating Trust, the Liquidating Trustee, or any other person or entity, without prior written approval of the NRC. If the NRC approves such a transfer, the transferee shall likewise not further transfer the license to any other person or entity without prior written approval of the NRC.

-22-

the Liquidating Trustee and to ensure the treatment of the Vion Liquidating Trust as a liquidating trust for federal income tax purposes, all consistent with the Plan.

For all federal income tax purposes, all parties (including, without limitation, the Debtor, the Liquidating Trustee and Holders of Allowed Claims and Interests) shall treat the transfer of Assets and liabilities to the Vion Liquidating Trust, in accordance with the terms of this Plan, as a transfer to Holders of Allowed Claims and Interests followed by a transfer by such Holders to the Vion Liquidating Trust, and the beneficiaries of the Vion Liquidating Trust shall be treated as the grantors and owners thereof. The beneficiaries of the Vion Liquidating Trust shall be the Holders of Allowed Claims and Interests.

The Vion Liquidating Trust shall terminate no later than the fifth (5th) anniversary of the Effective Date; provided, however, that within a period of three (3) months prior to such termination date, the Bankruptcy Court, upon motion by a party in interest may extend the term of the Vion Liquidating Trust if it is necessary to facilitate or complete the liquidation of the Vion Liquidating Trust's assets. Notwithstanding the foregoing, multiple extensions can be obtained so long as Bankruptcy Court approval is obtained within three (3) months prior to the expiration of each extended term; provided, however, that the aggregate of all such extensions shall not exceed three (3) years, unless the Liquidating Trustee receives a favorable ruling from the IRS that any further extension would not adversely affect the status of the Vion Liquidating Trust as a liquidating trust within the meaning of Treas. Reg. § 301.7701-4(d) for federal income tax purposes.

## C.  Appointment and Term of the Liquidating Trustee

On the Effective Date, the Liquidating Trustee shall succeed in all respects to all of the rights, privileges and immunities of the Chief Executive Officer, including, without limitation, the attorney-client privileges, work product privilege and any other evidentiary

-23-

privileges of the Chief Executive Officer and shall be appointed as the sole officer of the Debtor as of the Effective Date. The initial Liquidating Trustee, and each successor Liquidating Trustee, shall serve until the earlier of (i) the later to occur of (a) the entry of the Final Decree, (b) the dissolution of the Vion Liquidating Trust, and (c) the payment of the final distributions to Holders of Allowed General Unsecured Claims, pursuant to the Plan; or (ii) the expiration of the term of such Liquidating Trustee's employment agreement or such Liquidating Trustee's resignation, death, incapacity, removal or termination by the Trust Oversight Committee pursuant to the Liquidating Trust Agreement or order of the Bankruptcy Court. The Liquidating Trustee may also be removed by the Bankruptcy Court upon motion for good cause shown by any Creditor.

As set forth herein, the liquidation and winding up of the Vion Liquidating Trust and the Debtor shall become the responsibility of the Liquidating Trustee, who shall thereafter have responsibility for the management, control and operation thereof, and who may use, acquire and dispose of property free of any restrictions of the Bankruptcy Code or the Bankruptcy Rules, subject to oversight or approval of the Trust Oversight Committee as may be required pursuant to the Plan and the Liquidating Trust Agreement.

The Liquidating Trustee may be removed or replaced at any time by the Trust Oversight Committee in accordance with the procedures in the Liquidating Trust Agreement. In the event of the death or incompetency (in the case of a Liquidating Trustee that is a natural person), dissolution (in the case of a Liquidating Trustee that is a corporation or other entity), bankruptcy, insolvency, resignation, or removal of the Liquidating Trustee, the Trust Oversight Committee shall have the authority to appoint a successor trustee as set forth in the Liquidating Trust Agreement.

Upon creation of the Vion Liquidating Trust, the Liquidating Trustee shall be the trustee of the Vion Liquidating Trust for all purposes and in all respects, with all necessary and appropriate power to act for, on behalf of and in the name of the Vion Liquidating Trust.

**D.      Duties of the Liquidating Trustee**

In addition to the duties as set forth elsewhere in this Plan, the Liquidating Trustee, at the direction of and in consultation with the Trust Oversight Committee as set forth more specifically in the Liquidating Trust Agreement and Article IV.H herein, shall have the following duties:

1.      to sell, liquidate and/or recover any and all Assets of the Debtor's Estate and of the Vion Liquidating Trust;

2.      to manage, control and operate the Vion Liquidating Trust;

3.      to investigate and, if necessary and appropriate, to prosecute and enforce (or not prosecute or enforce), or to compromise, release or settle any Causes of Action on behalf of the Estate and the Vion Liquidating Trust without further approval of or application to the Bankruptcy Court, except as provided herein;

4.      to invest the Assets of the Vion Liquidating Trust and the Estate in accordance with this Article IV.D.

5.      to file any and all reports, pleadings and other documents;

6.      to pay Allowed Administrative Claims and Priority Tax Claims and to make any and all distributions required or permitted to be made under this Plan;

7.      to pay out of the Vion Liquidating Trust any and all Claims, liabilities, losses, damages, costs and expenses incurred in connection therewith or as a result thereof, including all Post-Confirmation Expenses accruing from and after the Effective Date, in accordance with the Administrative Budget;

-25-

8. to employ, supervise and compensate any employees of the Vion Liquidating Trust;

9. to make and file tax returns for the Debtor and the Vion Liquidating Trust;

10. to commence and pursue dissolution or winding up of proceedings for the Vion Liquidating Trust;

11. to request the entry of a Final Decree;

12. to file, prosecute, compromise and settle objections to Claims without further approval of or application to the Bankruptcy Court, except as otherwise provided herein;

13. to prepare and deliver to the Trust Oversight Committee for approval the Administrative Budget of the Vion Liquidating Trust with respect to each six-month period following the initial Administrative Budget and any amendments or modifications thereto;

14. to take any and all actions, including any action set forth in Article IV.J hereof, necessary to dissolve and cancel the existence of the Debtor in the State of Delaware and in any other jurisdiction in which the Debtor is qualified to do business; and

15. to take any and all other actions necessary or appropriate to implement this Plan and the liquidation and winding up of the Debtor, the Estate and the Vion Liquidating Trust in accordance with applicable law, provided, that nothing herein shall permit the Liquidating Trustee to terminate or cancel the Debtor's director and officer liability insurance coverage relating to the period following the Petition Date; and provided further that the Liquidating Trustee shall not renew or extend such insurance coverage, or other new or substitute coverage, without the approval of the Trust Oversight Committee.

In connection with the execution of his, her or its duties under this Plan, the Liquidating Trustee, at the direction of and in consultation with the Trust Oversight Committee

RLF1 3534070v.13

as set forth more specifically in the Liquidating Trust Agreement and Article IV.D herein, shall be authorized:

a.　to execute such documents and to take such other actions as are necessary to effectuate this Plan and perform his, her or its duties as liquidating agent of and for the Estate and the Vion Liquidating Trust, including to execute such documents and take such other action on behalf of the Vion Liquidating Trust or the Debtor;

b.　to open, close and manage bank accounts, and to enter into business transactions within or without the ordinary course of business;

c.　to authorize and benefit from any insurance policies and rights of indemnification;

d.　to retain and pay professionals (including the Debtor's or the Committee's Professionals) or other Persons to assist the Liquidating Trustee in the liquidation of the Debtor's Assets, without prior Bankruptcy Court approval, and to designate another Person to be the Disbursing Agent;

e.　to incur any reasonable and necessary expenses in the performance of his, her or its duties as liquidating agent of and for the Estate and the Vion Liquidating Trust;

f.　to seek an order of the Bankruptcy Court approving the compromise, release or settlement of any Claim or Cause of Action or the sale or disposition of any Asset, provided that nothing herein shall require the Liquidating Trustee to seek any such order; and

g.　to employ such other procedures, not inconsistent with this Plan, necessary for the Liquidating Trustee to perform his, her or its duties hereunder.

The Liquidating Trustee shall be deemed the Estate's representative in accordance with section 1123 of the Bankruptcy Code and shall have all powers, authority and

RLF1 3534070v.13